625 So.2d 222 (1993)
Travis H. KILPATRICK, Plaintiff-Appellant,
v.
Arnold R. KILPATRICK, et al., Defendants-Appellees.
No. 25061-CA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
*223 Kneipp & Hastings by Donald L. Kneipp, Monroe, for plaintiff-appellant.
Bobby L. Culpepper, Jonesboro, for defendants-appellees.
Before MARVIN, LINDSAY and VICTORY, JJ.
LINDSAY, Judge.
The plaintiff, Travis H. Kilpatrick, appeals from a trial court judgment sustaining an exception of prescription against his claim to be recognized as an heir to his father's estate. For the following reasons, we affirm.

FACTS
On May 24, 1961, the plaintiff's father, L.L. Kilpatrick, died. He was survived by his wife, Blanche Burkett Kilpatrick and four sons, Willard H. Kilpatrick, John Granville Kilpatrick, Arnold R. Kilpatrick and the plaintiff, Travis H. Kilpatrick. The decedent left an olographic will which was executed on December 17, 1952. In his will, the decedent bequeathed to each of three of his sons, Willard, John and Arnold, forty acre tracts of land. Regarding the plaintiff, the decedent did not make any provision, but explained in his will that the plaintiff had already received a forty acre tract of land. The will specifies as follows:
Thirdly, I do hereby will and bequeath my real estate which I now own, as follows, my son Travis Kilpatrick already having been given a forty acres [sic] of land upon which his home is located, and being the NE ¼ of *224 the NE ¼ Section 22, twp 16 N. R. 1 East, which is his portion....
After the bequest of the forty acre tracts of land to three of his sons, the decedent provided in his will that the balance of his property, real, personal or otherwise, that he might own at his death, should be distributed according to law.
The succession proceeding was filed and the will was probated on June 28, 1962. A judgment of possession was filed on September 20, 1962. An amended judgment of possession was filed on August 27, 1965 which merely corrected the property descriptions on the tracts of land conveyed to the three sons.
The decedent's widow was placed in possession of the family home. She relinquished any right she might have to the forty acre tracts of land bequeathed to plaintiff's brothers, and they relinquished any right they might have to the family home. The judgment of possession specified that the plaintiff acknowledged that he had already received his portion of his father's estate.
On June 26, 1992, the plaintiff filed a petition to be recognized as an owner in indivision with his brothers, or their heirs, of all the property which his father possessed at the time of his death. The petition states that the plaintiff's mother is now deceased, as are two of his brothers, John Granville Kilpatrick and Willard H. Kilpatrick. The plaintiff's petition names the heirs of his deceased brothers as defendants in this action, along with Arnold R. Kilpatrick who is still living.
The plaintiff's petition alleges that when the succession was opened, the plaintiff's mother and brothers filed pleadings stating that the plaintiff agreed to the provisions of the succession. The plaintiff claims that he was unaware of the opening of the succession and that those proceedings and the judgment of possession were intentionally concealed from him. He further contends that the terms of his father's will, the judgment of possession and the amended judgment of possession deny his right of inheritance, as established by law. In his petition, the plaintiff requested that the court declare him to be an owner, in indivision, of all the property in the estate of his father, including, but not limited to, the property described in the judgment of possession and the amended judgment of possession.
On July 9, 1992, a peremptory exception of prescription was filed. In the exception, the exceptors admitted that, in his will, L.L. Kilpatrick conveyed his property to three of his sons, to the exclusion of the plaintiff, but that the will very specifically stated that the plaintiff had already received a forty acre tract of land as his inheritance. The defendants contended that the plaintiff's petition sought the nullification of the will executed by L.L. Kilpatrick and argued that actions to nullify wills, or for the reduction of excessive donations, prescribe in five years under LSA-C.C. Art. 3497.
A hearing on the exception was held on September 17, 1992. The affidavit of the plaintiff, Travis Kilpatrick, was filed into evidence in lieu of his testimony. In his affidavit, the plaintiff stated that he was not aware of the opening of his father's succession or the filing of the judgment of possession until June, 1992. He stated that he did not consent to the terms thereof, never signed a renunciation of the succession and did not execute a verification of the allegations made by the pleadings filed in the succession.[1]
The defendants contended that plaintiff's action was aimed either at nullifying the last will and testament of L.L. Kilpatrick, or to reduce the donations made in the will. Both actions are subject to the five year prescriptive period set forth in LSA-C.C. Art. 3497 and, as such, were prescribed.
The plaintiff argued that he was not seeking to annul the testament, nor was he alleging excessive donations or seeking collation or reduction. The plaintiff claims that his *225 action to be recognized as an owner in indivision of his father's estate is governed by LSA-C.C. Art. 3502, which provides a thirty year prescriptive period to assert an action for recognition of a right of inheritance and recovery of a whole or a part of the succession.
The plaintiff further argued that the running of any prescriptive period which might apply was suspended by the doctrine of contra non valentem agere nulla currit praescriptio. He claims that because he did not know of the succession proceedings, prescription did not run.
In oral reasons for judgment, the trial court found that the five year prescriptive period was applicable, and that the time period had expired. The trial court implicitly rejected the plaintiff's argument that the running of any prescriptive period, five years or thirty years, was suspended under the doctrine of contra non valentem. On September 17, 1992, the trial court signed and filed a judgment, sustaining the exception of prescription and dismissing the suit.
The plaintiff appealed. In his appeal, plaintiff contends that the trial court erred in applying the five year prescriptive period under LSA-C.C. Art 3497 and in finding that the doctrine of contra non valentem did not suspend the running of prescription.

PRESCRIPTION
The plaintiff argues that his action for recognition of his right of inheritance and to recover a portion of his father's estate is governed by the thirty year prescriptive period contained in LSA-C.C. Art. 3502, which provides:
An action for the recognition of a right of inheritance and recovery of the whole or a part of a succession is subject to a liberative prescription of thirty years. This prescription commences to run from the day of the opening of the succession.
The defendants argue that, because this is a testate succession, and because all the property owned by the testator at the time of his death was disposed of by donations mortis causa, the plaintiff's action to recover a portion of the property is governed by LSA-C.C. Art. 3497, which provides, in pertinent part:
The following actions are subject to a liberative prescription of five years:
An action for the annulment of a testament;
An action for the reduction of an excessive donation; and
An action for the rescission of a partition and warranty of portions.
Although not specifically set forth in the code articles or the jurisprudence construing these articles, it appears that the thirty year prescriptive period in LSA-C.C. Art. 3502 applies to intestate successions. After reviewing the jurisprudence construing LSA-C.C. Arts. 3497 and 3502, we conclude that the five year prescriptive period of LSA-C.C. Art. 3497 is applicable to this testate succession and the facts of this case.
A donation which exceeds the disposable quantum which a testator may dispose of, to the prejudice of his forced heirs, is not void by the mere operation of law, but is merely reducible by the forced heirs or their heirs and assigns. Succession of Dancie, 191 La. 518, 186 So. 14 (1939).
When a testator disposes of his entire estate to the prejudice of a forced heir, he has done nothing except to make a disposition of property mortis causa, affecting the quantum he may legally dispose of to the prejudice of such forced heir. Such a bequest does not make the will null and void, but merely subjects such a donation mortis causa to an action by the forced heir for the reduction thereof and for the recovery of the legitime. Where the plaintiff makes no attack on the validity of the will and seeks only to recover his legitime, such an action can only be construed as one for the reduction of an excess donation and the five year prescriptive period of LSA-C.C. Art. 3497 is applicable. Roach v. Roach, 213 La. 746, 35 So.2d 597 (1948); West v. Gajdzik, 425 So.2d 263 (La.App. 3rd Cir.1982), writ denied 428 So.2d 475 (La.1983); Succession of Smith, 182 La. 389, 162 So. 21 (1935).
The five year prescriptive period begins to run on the date the will is filed for *226 probate. Manion v. Pollingue, 524 So.2d 25 (La.App. 3d Cir.1988), writ denied 530 So.2d 572 (La.1988). A cause of action to reduce an excessive donation arises when the will is probated because, at that time, there is spread on the public records a proceeding which makes it definitely known that the deceased has left a last will, who the testamentary heirs are, who is entitled to the benefits conferred by the will, the quantum of the estate disposed of and the name of the person appointed to carry out the provisions of the will. Whether the legitime has been impinged upon is made known in the probate proceedings. Succession of Dancie, supra. The proceedings provide the forced heir with all the information necessary to enable him to prepare his suit to reduce the disposition to the disposable quantum. He is left with no doubt as to the person against whom his action must be brought. His right to demand a reduction accrues when the will is proved before a competent tribunal, recognized as valid, and its execution is ordered. Succession of Dancie, supra.
It is the fact that the disposition exceeds the disposable quantum, and not the taking of possession of the property bequeathed, which gives rise to the cause of action to reduce. Succession of Dancie, supra; Draper v. Van Leer, 197 La. 259, 1 So.2d 513 (1941).
If the forced heir fails to bring a claim to reduce the donation and to claim the legitime within the five year prescriptive period, the ownership of the donee or legatee is maintained. Note, PrescriptionCommencement of the Prescriptive PeriodSuit To Reduce Donations Mortis Causa, 13 Tulane Law Review 473 (1939).
In the present case, the decedent died testate and disposed of all his property through donations mortis causa. The plaintiff's brothers, who received the property at issue here, were placed in possession of their separate tracts of land approximately thirty years ago. The plaintiff in this case, as in West v. Gajdzik, supra, has not attacked the validity of the will, but seeks only to be recognized as an heir, entitled to ownership of part of the property forming the estate of the decedent at the time of his death. If the plaintiff were able to establish his claim, the only manner of allowing such recovery would be to revoke or reduce the donations mortis causa already made to the plaintiff's brothers in the will. Therefore, the plaintiff's action must be construed as one to reduce excessive donations and the five year prescriptive period contained in LSA-C.C. Art. 3497 is applicable. The facts of this case allow no other conclusion. Further, we find that this prescriptive period began to run on June 28, 1962, the date upon which the decedent's will was probated.

CONTRA NON VALENTEM
The plaintiff argues that the succession proceedings and the judgment of possession were intentionally concealed from him and therefore the doctrine of contra non valentem operates to suspend the running of prescription until he discovered the judgment of possession in June, 1992. This argument is meritless.
Louisiana jurisprudence has recognized contra non valentem, a limited exception to the running of prescription, where in fact and for good cause a plaintiff is unable to exercise a cause of action when it accrues. West v. Gajdzik, supra. Contra non valentem is based on the theory that when the claimant is not aware of facts giving rise to his cause of action against a particular defendant, the running of prescription is suspended until the plaintiff discovers or should have discovered the facts upon which the action is based. In re Medical Review Panel of Howard, 573 So.2d 472 (La.1991).
The doctrine may apply when: (1) there is some legal cause which prevented the court or its officers from taking cognizance of and acting on the plaintiff's actions; or (2) where there is some condition coupled with the contract or coupled with the proceedings which prevented the creditor from suing or acting; or (3) where the debtor has done some act effectually to prevent the creditor from availing himself of his cause of action; or (4) where the cause of action is not known or reasonably knowable by the plaintiff even though his ignorance is not induced by the defendant. The plaintiff will be *227 deemed to know what, by reasonable diligence, he could have learned. West v. Gajdzik, supra.
Prescription does not run against a party who is ignorant of the existence of facts that would entitle him to bring suit, where such ignorance is not willful and does not result from negligence. Manion v. Pollingue, supra; Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285 (1970).
It is not necessary to have actual knowledge as long as there is constructive knowledge. Whatever is notice enough to excite attention and to put the claimant on his guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to put the plaintiff on inquiry is sufficient to start the running of prescription. Manion v. Pollingue, supra.
Contra non valentem applies where the defendant has concealed the fact of the offense or has committed acts including concealment, fraud, misrepresentation, or other ill practices which tend to hinder, impede or prevent the plaintiff from asserting his cause of action as long as the plaintiff's delay in bringing suit is not willful or the result of his own negligence. West v. Gajdzik, supra.
Those who claim exception from prescription by reason of ignorance resulting from fraud must allege and show that such ignorance is neither willful or negligent. Draper v. Van Leer, supra. The plaintiff must show that he did not know of the facts upon which the claim is based and that he had no reason to know or discover the facts. Furthermore, the plaintiff must establish that the lack of knowledge was not attributable to his own fault. Curtis v. Greenberg, 592 So.2d 501 (La.App. 5th Cir.1991), writ denied 593 So.2d 381 (La.1992).
Plaintiff correctly asserts that the doctrine of contra non valentem is applicable to prevent the prescription of claims involving a succession proceeding. West v. Gajdzik, supra.
However, the plaintiff has failed to show that the doctrine should be applied in the instant case. The plaintiff merely contends that the defendants intentionally concealed the succession proceedings from him and that he was not aware of the judgment of possession until June, 1992. However, the plaintiff did not set forth for the record what the defendants did to conceal the succession proceedings from him or how it is that, approximately 30 years after the entry of the judgment of possession, he came to discover the existence of that judgment.
The plaintiff lived in the community and was undoubtedly aware that his father died in 1961. It is also undisputed that the plaintiff lived on the property adjacent to the three tracts of land conveyed to his siblings in the decedent's will. Further, the plaintiff has failed to show why, under these circumstances, he would not be aware that his father owned the property at the time of his death.
The decedent's will was probated on June 28, 1962. At that time, the succession proceedings were spread upon the public records. As stated above, because of this fact, the five year prescriptive period under LSA-C.C. Art. 3497 began to run on the date the will was probated. The plaintiff has failed to demonstrate a valid reason for not knowing what it appears he could have known under the circumstances of this case.
The plaintiff has failed to show any circumstances which would cause the doctrine of contra non valentem to apply in this case to suspend the running of the five year prescriptive period. The plaintiff has failed to carry his burden of showing that the defendants concealed the succession proceedings from him or that his failure to know of the proceedings was not willful or negligent. This prescriptive period expired on June 28, 1967. The plaintiff's present action, filed in 1992 is barred by prescription.

CONCLUSION
For the reasons stated above, the judgment of the trial court sustaining the defendant's exception of prescription is affirmed. All costs in this proceeding and the proceedings below are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] The plaintiff further alleged that even though his father's will reflected that he had received a donation of immovable property as his forced portion of the estate, he actually purchased the property from his father for fair and valuable consideration. This allegation is not corroborated in the record. However, this claim goes to the merits of the case which are not before the court for resolution.