LOLLEY, J.
11 Aakal Lodging, L.L.C. (“Aakal”) appeals the judgment of the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana, wherein the trial court dismissed Aakal’s claim against American Express Travel Related Services Company, Inc. (“Amex”) and BA Merchant Services, L.L.C. (“BA Merchant”). For the following reasons, we affirm the trial court’s judgments.
FACTS
Aakal, the owner and operator of the Rodeway Inn & Suites (the “hotel”) located in Bossier Parish, signed a merchant service agreement in which Cornerstone Business Resources, L.L.C. agreed to ac *199 cept credit card transactions from Aakal’s hotel guests. Starting in September 2008, an employee of the hotel began placing fraudulent charges on the credit cards of hotel guests. The fraudulent activity continued until December 2008, at which point one of the card holders brought the fraud to the attention of Amex. Amex removed the fraudulent charges from the card holders’ accounts and sought recovery of the funds provided to Aakal which resulted from the employee’s fraud. Aakal agreed to repay Amex, in monthly installments, a total of $200,000.00.
Aakal paid the agreed upon installments to Amex until April 20, 2011, when Aakal brought a claim against Amex and BA Merchant, among others, claiming that the failure of Amex and BA Merchant to maintain the proper safeguards to prevent the fraudulent activity resulted in the damage to Aakal. Prior to trial, both Amex and BA Merchant filed peremptory [2exceptions of prescription. The trial court granted both parties’ exceptions. This appeal followed.
DISCUSSION
As its first and only assignment of error, Aakal argues that the trial court erred in granting Amex’s and BA Merchant’s exceptions of prescription.[1] Specifically, Aakal asserts that it alleged claims for breach of contractual obligations and, therefore, the proper prescriptive period was ten years as opposed to the one-year prescriptive period for claims sounding in tort which the trial court applied. In support of this argument, Aakal states that the first line of the second paragraph of its petition determined the claim as one for breach of contract. The line of the petition reads as follows:
On or about the 27th day of June, 2006, plaintiff entered into a contract, in the Parish of Bossier, with Cornerstone Business Resources, L.L.C. through its agents, Business Payment Systems-Mid States, Inc. and Jeffery E. Dethlefsen to accept various credit cards from its hotel guests.
Generally, the party pleading an exception of prescription has the burden of proving the facts supporting the exception unless prescription is ^evident on the face of the pleading. Taylor v. Broomfield, 46,590 (La.App.2d Cir.09/21/11), 73 So.3d 485. The applicable prescriptive period is determined by the character of the action disclosed in the pleadings. Johnson v. Ledoux, 42,090 (La.App.2d Cir.05/16/07), 957 So.2d 911, writ denied, 2007-1482 (La.10/05/07), 964 So.2d 946.
Delictual actions are subject to a liberative prescription of one year from the day injury or damage is sustained. La. C.C. art. 3492. A personal action is sub- *200 jeet to a liberative prescription of 10 years. La. C.C. art. 3499. The standard controlling review of a peremptory exception of prescription requires the court of appeal to strictly construe the statute against prescription, and in favor of the claim that is said to be extinguished. Reggio v. E.T.I., 2007-1443 (La.12/12/08), 15 So.3d 951.
Here, Aakal has alleged a cause of action sounding in tort. Although Aakal insists that its relationship with Amex and BA Merchant is contractual, Aakal’s petition never set forth particular facts satisfying the elements of a contract. Nor did Aakal provide a factual basis proving that either Amex or BA Merchant was a party to the merchant service agreement or that they owed any contractual obligation to Aakal. The petition only alleges that “defendants breached their duty to plaintiff in failing to maintain proper safeguards to prevent the allegedly fraudulent activity that damaged plaintiff and its customers,” thus asserting a claim in tort. Aakal became aware of the injury in December 2008, and continued to repay Amex for the resulting damages until April 20, 2011, when Aakal filed its claim — well past the one-year prescriptive period that accrued in December 142009. The trial court properly held that the facts alleged in the petition characterize the claim as a delictual action and properly applied the applicable one-year liberative prescription period in dismissing Aakal’s claims. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the judgments of the trial court are affirmed. Costs of this appeal are assessed to Aakal Lodging, L.L.C.
AFFIRMED.

. Amex has argued for dismissal of this matter based upon Aakal's placing the wrong date for the judgment it intended to appeal in its "Motion for Appeal.” Louisiana C.C.P. art. 5051 provides:
The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.
There is long standing judicial precedent, reflecting the intent of La. C.C.P. art. 5051, which holds that appeals are favored by the courts and should be dismissed only for substantial causes and not for a mere technicality. U.S. Fire Ins. Co. v. Swann, 424 So.2d 240 (La.1982). On August 30, 2011, the trial court issued a final judgment granting the peremptory exception for prescription filed by Amex and dismissing all claims against Amex based upon the reasons set forth in “the opinion/order issued by this Court and entered on August 2, 2011.” It is evident that Aakal was referencing the final judgment when it requested an appeal for the opinion/order rendered on August 2, 2011. Therefore, this court does have jurisdiction to review the trial court's judgment concerning Amex's exception of prescription.