PITMAN, J.
| ¶ Plaintiffs Lydia Pipes Roane, Windsor Everette Pipes, Katherine Keebler Huddle, Sarah Faye Keebler Kroger, Joseph Henry Enos, Charles Earl Enos, Mike Larson, Daryl Larson, Corry Larson, Mary Tetrev and Gladys Corry Beaver Price (collectively, “Plaintiffs”), have appealed a judgment sustaining certain exceptions of prescription and peremption in favor of Scott Baughman Jones, individually and as administrator of the Succession of Edward Allen Jones, Jr., and Leslie Jones (collectively, “Defendants”), rendered by the Third Judicial District Court, Union Parish, Louisiana, in this case which involves the theft of land through a series of fraudulent transactions. The trial court certified the partial final judgment as immediately appealable under La. C.C.P. art. 1915(B). For the following reasons, we affirm that portion of the judgment certifying the partial final judgment as an ap-pealable judgment under La. C.C.P. art. 1915(B), and reverse and vacate the judgment of the trial court sustaining the exceptions of prescription.

FACTS

Plaintiffs are the heirs of Mr. J.D. Baughman, from whom they received an interest in various and substantial proper *703 ties. Edward Allen Jones, Jr. (“Jones”) also owned an interest in these properties. In the 1980s, Plaintiffs gave Jones powers of attorney to administer their interests in the family estate (“the Baughman acreage”), which includes the property at issue in this lawsuit (“the Property’)- From the late 1980s until the early 1990s, Jones administered Plaintiffs’ interests responsibly. In the mid-to late 1990s, however, unbeknownst to Plaintiffs, Jones began to breach his 12fíduciary duties to Plaintiffs by repeatedly conveying property of the Baughman acreage first to himself, and then to his son and daughter-in-law, Scott and Leslie Jones. Jones did not inform Plaintiffs of any of these conveyances and did not remit any of the funds obtained from the alleged sales to them. Jones died in January 2007, and Scott Jones was named the administrator of his estate.
Plaintiffs filed suit on November 24, 2009, and alleged that, on May 4, 1999, Jones conveyed approximately 888 acres of the Baughman acreage to himself for $55,000. On or about the same day, Jones donated all 888 acres to Scott Jones. This donation included a 76-acre tract which is still in Scott Jones’ possession and which Plaintiffs seek to recover in this action. Scott Jones has conveyed most of the 888 acres to third parties.
Plaintiffs’ suit alleged that, on February 3, 2000, Jones conveyed a 876-acre tract, which included a 340-acre tract that is the subject of this litigation, to Leslie Jones for a stated price of $76,800. Plaintiffs seek the return of the 340-acre tract, which is still in Defendant Leslie Jones’ possession, claiming the sale was a disguised donation and an absolute nullity since Jones was not granted the authority by the powers of attorney to make such a donation.
Plaintiffs’ suit alleged causes of action in fraud, conspiracy, self-dealing, unfair business practices and breach of fiduciary duties. They sought rescission of the sales, damages, costs, attorney fees and interest. The petition was amended, adding allegations that Jones breached his fiduciary and contractual duties to Plaintiffs by engaging in other acts of ¡.-¡wrongful conduct, including selling numerous tracts of land belonging to Plaintiffs to third parties and keeping the funds for himself.
Defendants filed various exceptions of prescription and peremption, including the following: 1) prescription of one year for delictual causes of action, i.e., fraud, arising from the May 4 and 5,1999 transaction and the February 3, 2000 transaction; 2) prescription of five years for claims against the succession alleging that the transactions are relative nullities; 3) prescription of ten years for Plaintiffs’ cause of action against the succession for damages based on the May 4, 1999 deed; and 4) Plaintiffs’ claims against Leslie Jones based on lesion beyond moiety.
Before the hearing on the exceptions of prescription, Plaintiffs filed a second supplemental and amended petition. Paragraph 45 alleged that the February 3, 2000 conveyance of the 376-acre tract to Leslie Jones for $76,800 was not a sale, but a donation in disguise. Plaintiffs alleged that, as a simulation and fraudulent transaction, it was an absolute nullity and was imprescriptible. Paragraph 51 of the petition cited other conveyances from Jones to Scott Jones, which they claimed were not sales, but were donations in disguise, including the following:
A. .56 acres on August 5, 1993, for $3,000.
B. 1.9 acres on August 5, 1993, for $3000.
C. 20 acres on August 5, 1993, for $5000.
*704 D. 9 acres on February 28, 1994, for $10,000.
E. 23 acres on February 28, 1994, for $7,000.
F. 15.23 acres on February 22, 1999, for $7,500.
G. 120 acres on February 16, 1995, for $45,000.
Plaintiffs claimed Scott Jones never paid anyone for the properties cited above. Plaintiffs claimed that, since those property conveyances were | ^simulations and fraudulent transactions, they were absolute nullities and imprescriptible. Plaintiffs alleged that Jones lacked the authority to donate these properties; and, therefore, the transactions are null. Plaintiffs asked that, to the extent the property had not been conveyed to parties in good faith, the conveyances be rescinded and the property returned to them.
Hearings were held on the exceptions of prescription and peremption in October and December 2011. At the first hearing, Defendants claimed that several causes of action asserted in the petition had prescribed on the face of the petition and, therefore, that the burden shifted to Plaintiffs to prove the claims had not prescribed. Defendants claimed that Plaintiffs never alleged in their petition when they became aware of their causes of action and that the exceptions should be sustained for that reason. Plaintiffs argued that the causes of action had not prescribed on the face of the petition because they had alleged that Defendants had hidden information necessary for them to be aware of their claims and that they could not allege a negative.
Defendants introduced copies of the May 1999 and February 2000 recorded documents at issue. Defendants also pro-Added the trial court -with evidence in the form of testimony of the attorney for the estate of Edward Allen Jones. The attorney, Joseph Cusimano, represents Scott Jones as Administrator of the Succession of Edward Allen Jones, Jr., in this litigation. Mr. Cusimano testified that, in June 2001, he received a letter from the law firm of Dawkins, Carter & Shadoin, which currently represents Plaintiffs in this suit, requesting information regarding transactions entered Rinto by Jones from sometime in 1995 until his death. Mr. Cusimano testified that he sent a list of transactions entered into by Jones, and the list included those of May 4 and 5, 1999, and of February 3, 2000. Plaintiffs’ attorney objected to the introduction of the testimony and the list of transactions on the basis that the letter being referred to in no way indicates for whom Mr. Carter was requesting the information and that the letter was not authenticated and was hearsay.
Defendants also introduced into evidence a lawsuit record for a possessory action entitled Rugg v. Vaughn, et al, Docket No. 40,482, Union Parish, filed in August 2005, which they claimed should have put some Plaintiffs in the case at bar on notice that Jones was committing a fraud upon them.[1] In Rugg, Scott and Leslie Jones had sold the Ruggs some property in 2004, which was part of the acreage donated to Scott by Jones. A year later, the Ruggs learned that the May 4, 1999 sale from Plaintiffs in the suit at bar to Jones and subsequent donation to Scott Jones created a continuing disturbance in the law of the Ruggs’ right to possession of the property since the powers of attorney by which Jones transferred the property to himself did not grant the specific power to convey the property. *705 The judgment rendered in the Rugg case maintained the Ruggs’ right to possession of the property they had acquired, and the defendants (some, but not all of the Plaintiffs herein) were ordered to assert their respective adverse claims of ownership to the immovable property by the filing of a | Rpetitory action within 60 days of the finality of the judgment. Apparently, no such action was ever filed.
In the case at bar, an oral judgment was rendered on October 6, 2011, which sustained exceptions of prescription as to certain exceptions listed below. The trial court noted that the exceptions had not been filed in response to the second amended petition until after the October hearing; therefore, another hearing was held, after which the trial court rendered another oral judgment in December 2011. The trial court signed one judgment adopting its oral reasons for judgment from both hearings and ruled as follows:
1. The exception of prescription of one year filed with respect to causes of actions for damages in tort against Scott and Leslie Jones, individually, and Scott Jones as administrator of the Succession of Edward A. Jones, Jr., based on fraud and conspiracy, was sustained as to (a) the May 4,1999, deed from Edward Jones individually and as agent to himself; (b) the donation dated May 5, 1999, from Edward A. Jones to Scott Jones; (c) the deed dated February 3, 2000, from Edward A. Jones to Leslie Jones; and (d) all transactions identified in the second supplemental and amended petition in paragraphs 45 and 51. Plaintiffs had failed to establish that they did not learn of the transactions less than one year before the suit was filed. These actions were dismissed with prejudice.
2. The exception of prescription with regard to lesion beyond moiety was sustained.[2]
Iv3. The exception of prescription of five years relating to Plaintiffs’ action to set aside the transactions (a) dated May 4, 1999, (b) May 5,1999, (c) February 3, 2000, and (d) all transactions identified in paragraphs 45 and 51 of Plaintiffs’ second supplemental and amended petition, on the basis that Jones exceeded his authority and engaged in self-dealing, was sustained. Plaintiffs’ claims against all Defendants to set aside those transactions for want of the agent’s authority were dismissed with prejudice.
4. The exception of prescription of ten years based on claims of Jones’ breach of fiduciary duty with regard to the May 4, 1999 deed by which Jones, individually and as agent, sold to himself property owned by his principals, and with respect to all transactions identified in paragraph 51 of Plaintiffs’ second supplemental and amended petition, was sustained. Plaintiffs’ claims against the Succession of Edward Jones, Jr., for damages with respect to any transactions which occurred more than ten years prior to the institution of the suit were dismissed with prejudice.
5. The exception of prescription filed by the Succession of Edward Allen Jones, Jr., with regard to claims of breach of fiduciary duty by the deceased relating to the February 3, 2000 sale of 376 acres to Leslie Jones was overruled.[3]
6. The exception of prescription with regard to all claims for rescission of all the alleged transactions on the basis that they were simulations was also overruled.
*706 |RAt the Defendants’ request, the trial court certified the partial judgment sustaining the exceptions of prescription as a final and immediately appealable judgment under La. C.C.P. art. 1915(B). This appeal ensued.

DISCUSSION

Certification of the partial final judgment under La. C.C.P. 1915(B)

Plaintiffs’ first assignment of error argues that the trial court erred in certifying this partial final judgment, which sustained in part and overruled in part, exceptions of prescription, as an immediately appealable judgment under La. C.C.P. art. 1915(B). Specifically, Plaintiffs argue that the judgment should not be deemed immediately appealable because it did not dismiss any party or remove any transaction at issue from their claims. Plaintiffs also argue that the judgment does not narrow the scope of evidence to be presented at trial and the certification of this judgment as final and immediately appealable will result in a piecemeal appeal. Plaintiffs further argue that the adjudicated and unad-judicated claims are closely related and there is a possibility that the need for review of the dismissed causes of action might be mooted by future developments.
La. C.C.P. art. 1915(B) states as follows:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
|a(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
In Banks v. State Farm Ins. Co., 30,868 (La.App.2d Cir.3/5/98), 708 So.2d 523, this Court stated:
[Although the presence of a particular type of partial judgment on the list of Article 1915(A), as well as the agreement of the parties for there to be a “final judgment” under Article 1915(B)(1), are matters for the trial court to consider for purposes of certification, neither factor mandates certification. Instead, partial judgments should be certified only after a case-by-case consideration of the judicial administrative interests and equities involved. See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). The trial court may consider the guiding factors listed in Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360 (3d Cir.1975):
(1) The relationship between the adjudicated and unadjudicated claims;
(2) The possibility that the need for review might or might not be mooted by future developments in the district court;
(3) The possibility that the reviewing court might be obliged to consider the same issue a second time;
(4) The presence or absence of a claim or counterclaim which could result in *707 setoff against the judgment sought to be made final; and
(5) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
The trial court considered several factors listed above when it certified the judgment as immediately appealable, and the judgment specifically states that certification was justified because it would eliminate Imthe possibility of a second trial, it would eliminate the possibility that this court would have to revisit the ruling and there were no serious mitigating factors.
In the interest of judicial economy, and in an effort to avoid piecemeal appeals and the necessity of further review of the prescription issues at a later date, we agree that the trial court did not err when it certified this partial final judgment as immediately appealable. For this reason, we will address the merits of the issues raised on appeal pertaining to the sustaining of the exceptions of prescription.

One-year prescriptive period

Plaintiffs’ first assignment of error concerns that portion of the judgment sustaining the exception of prescription of one year with regard to causes of action relating to their tort claims against Scott and Leslie Jones for fraud. Plaintiffs assert that their tort claims against those Defendants have not prescribed because Plaintiffs had no knowledge of the alleged fraud a year before the suit was filed. Plaintiffs assert that, although a delictual fraud claim is subject to a one-year prescriptive period, prescription does not begin to run until they knew or should have known of their cause of action. Prescription does not run against a person who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent or unreasonable. Further, Plaintiffs argue that, if a defendant has concealed information or misled and lulled the plaintiff into inaction, prescription does not begin to run if the cause of action has not established itself with sufficient certainty.
1 n Generally, the party raising an exception of prescription or peremption ordinarily bears the burden of proof at the trial of a peremptory exception. McKinley v. Scott, 44,414 (La.App.2d Cir.7/15/09), 17 So.3d 81. However, when prescription is evident from the face of the pleadings, the plaintiff bears the burden of showing the action has not prescribed. Id. When evidence is introduced at the hearing on the peremptory exception, the factual conclusions of the district court are reviewed under the manifest error-clearly wrong standard of review. McGuire v. Mosley Rogers Title Co. L.L.C., 43,554 (La.App.2d Cir.9/17/08), 997 So.2d 23, writ denied, 08-2728 (La.1/30/09), 999 So.2d 757; Scranton v. Ashley Ann Energy, L.L.C., 46,984 (La.App.2d Cir.4/11/12), 91 So.3d 1174, writ denied, 12-1345 (La.9/28/12), 98 So.3d 846.
The applicable prescriptive period is determined by the character of the action disclosed in the pleadings. Johnson v. Ledoux, 42,090 (La.App.2d Cir.5/16/07), 957 So.2d 911, writ denied, 07-1482 (La.10/05/07), 964 So.2d 946. Delictual actions are subject to a liberative prescription of one year from the day injury or damage is sustained. La. C.C. art. 3492; Aakal Lodging, L.L.C. v. American Exp., 47,219 (La.App.2d Cir.6/20/12), 94 So.3d 197, writ denied, 12-1710 (La.11/2/12), 99 So.3d 672. The standard controlling review of a peremptory exception of prescription requires the court of appeal to strictly construe the statute against prescription and in favor of the claim that is said to be extinguished. Reggio v. E.T.I., 07-1433 (La.12/12/08), 15 So.3d 951.
*708 |12Generally, the doctrine of contra non valentem suspends prescription where the circumstances of the case fall into one of the following categories:
1. Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action;
2. Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
3. Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
4. Where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
The doctrine of contra non va-lentem is based on the theory that, when the claimant is not aware of facts giving rise to his cause of action against a particular defendant, the running of prescription is suspended until the plaintiff discovers or should have discovered the facts upon which the action is based. Kilpatrick v. Kilpatrick, 625 So.2d 222 (La.App. 2d Cir.1993), writ denied, 631 So.2d 445 (La.1994); Schoen v. Walling, 31,598 (La.App.2d Cir.2/24/99), 728 So.2d 982. Constructive knowledge sufficient to start the running of prescription requires more than mere apprehension that something might be wrong. Whatever is notice enough to excite attention and to put the claimant on his guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead, and such information or knowledge as ought to put the plaintiff on inquiry is sufficient to start the running of prescription. Kilpatrick v. Kilpatrick, supra; Tilley v. Kennedy, 605 So.2d 226 (La.App. 2d Cir.1992). Prescription begins to run when a cause of action is known or reasonably knowable to the plaintiff. The plaintiff will be deemed to know what, by reasonable diligence, he could have learned. Kilpatrick v. Kilpatrick, supra.
Prescription does not run against a person who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent or unreasonable. Prescription does not run if the cause of action has not established itself with sufficient certainty to be susceptible of proof in a court of justice, or if the defendant has concealed information or misled and lulled the plaintiff into inaction. Gulf States Land & Dev., Inc. v. Ouachita Nat’l. Bank in Monroe, 612 So.2d 1031 (La.App. 2d Cir.1993), writ denied, 618 So.2d 406 (La.1993). However, prescription is not interrupted until the plaintiff can obtain sufficient evidence to prove the claim or to corroborate the plaintiffs account of the tort. Gulf States Land & Dev., Inc. v. Ouachita Nat’l Bank in Monroe, supra.
Any theory of constructive knowledge which imputes knowledge of the contents of the public records to third persons forms no part of the public records doctrine. Where an obligee is seeking to annul an act of an obligor, the act of recordation in the public records does not, standing alone, provide constructive knowledge to the obligee of the act, as would commence the running of prescription. Although evidence may be introduced to support or controvert any objection pleaded, in the absence of evidence, an objection of prescription must be decided upon facts alleged in the petition with all allegations accepted as true. The date upon which an 114obligee who is seeking to annul an act of an obligor learned or should have learned of the act, as would commence the running of prescription, is a *709 factual determination to be made by the trial court considering all the facts and circumstances of the case. London Towne Condominium Homeowner’s Ass’n v. London Towne Co., 06-401 (La.10/17/06), 939 So.2d 1227.
Defendants’ original exception of prescription of one year argued that the transactions which were cited in Plaintiffs’ petition were publicly registered in 1999 and 2000. Defendants claimed that any damages sustained by Plaintiffs as a result of the alleged fraud related to those transactions would have first occurred on the dates of the public recordation of the instruments and that Plaintiffs had one year to file a lawsuit. Since they did not file the lawsuit until November 24, 2009, the petition was prescribed on its face as to all claims asserted against them.
In sustaining this exception, the trial court found that, because the cause of action for tort had prescribed on the face of the petition, the burden had shifted to Plaintiffs to establish that they did not learn of the transactions less than one year before the suit was filed. At the hearing on the exception, Plaintiffs had offered no evidence indicating when they discovered the fraud had occurred; therefore, the trial court sustained the exception of prescription of one year.
We disagree with the ruling of the trial court in finding that prescription had tolled on the face of the petition and that the burden shifted to Plaintiffs to establish when they learned of Defendants’ acts of fraud against them. Scott and Leslie Jones were the parties to whom the sub,ject 115property was transferred, either by donation or by alleged simulated sales on May 4,1999, May 5,1999, and February 3, 2000. Plaintiffs have alleged that these transfers of property were made without their knowledge or consent and that Jones did not have the authority to make these transfers of the property.
Plaintiffs alleged that Scott and Leslie Jones conspired with Jones to wrongfully deprive Plaintiffs of their ownership interests in the Property, as well as payment for their ownership interests. They also alleged that, at the time of the conveyances of the Baughman acreage to Defendants, Scott Jones told various Plaintiffs that “nothing was going on” with the property, suggesting that Defendants concealed the fraudulent acts from the Plaintiffs. In the second supplemental and amended petition, these transfers are alleged to be absolute nullities, which are imprescrip-tible under La. C.C. art. 2032, which states that “An action for annulment of an absolutely null contract does not prescribe.” The trial court rendered a judgment finding that Plaintiffs’ claims for fraud based on the simulated transactions were not subject to prescription; therefore, the consideration of whether these transfers were fraudulent acts is still at issue in the trial of this matter. The evidence surrounding the May 1999 donation to Scott Jones and the February 2000 alleged simulated sale to Leslie Jones will still be introduced at the trial. There is a connexity between the claim for fraud based on tort and the fraud based on the transfer of the property by an absolutely null contract and they are inextricably interrelated.
| ifiFor these reasons, we find that this assignment of error has merit. Since an appellate court must strictly construe a statute against prescription and in favor of the claim that is said to be extinguished, we find that, on this record, Plaintiffs’ claims for fraud against Scott and Leslie Jones have not prescribed. Further, Defendants have an adequate remedy by review on appeal of the final judgment on the merits in the event a judgment is rendered against them that results in dam *710 ages which would not have been assessed against them on the larger fraud issue.

Five-year prescriptive period

Plaintiffs’ second assignment of error contests that part of the judgment that sustained the exception of prescription of five years relating to Plaintiffs’ action to set aside the transactions (a) dated May 4, 1999, (b) May 5, 1999, (c) February 3, 2000, and (d) all transactions identified in paragraphs 45 and 51 of Plaintiffs’ second supplemental and amended petition, on the basis that Jones exceeded his authority and engaged in self-dealing. Specifically, Plaintiffs argue that, although a prescriptive period of five years is applicable to actions of an agent who self-deals, they alleged in their second supplemental and amending petition that the transactions listed above are absolute nullities instead of relative nullities and, as such, are imprescriptible.
Plaintiffs also argue that, even if the five-year prescriptive period for actions of relative nullity is applied, that period of prescription did not run since Plaintiffs asserted their action to rescind the putative transactions within five years of acquiring knowledge of their representative’s ultra vires | 17acts. Alternatively, Plaintiffs argue that it was error for the trial court to have sustained the exception since they have alleged they did not receive knowledge of the facts which gave rise to the causes of action set forth in their original and supplemental petitions until less than five years before the date of filing suit and the burden of proving prescription remained with Defendants in this action.
The Defendants provided the testimony of Mr. Cusimano and a document dated in 2001, through which Mr. Carter, an attorney for Plaintiffs, had received a list of transactions entered into by Jones and referencing the May 1999 and February 2000 transactions. However, that information in no way indicated on whose behalf Mr. Carter was making the inquiries or requesting the information; therefore, we cannot conclude that Plaintiffs should have been put on notice that any problems had occurred as of that date as a result of the information being passed on to Mr. Carter.
Although Defendants presented the trial court with information relative to the Rugg, supra, case, which would indicate Plaintiffs should have been put on notice that there were third persons who were claiming to possess their property through the acts of Jones, the Rugg suit was not filed until August 2005. Plaintiffs’ instant suit was filed in November 2009, within five years of the filing of the Rugg suit. The standard controlling review of a peremptory exception of prescription requires the court of appeal to strictly construe the statute against prescription and in favor of the claim that is said to be extinguished. We, therefore, find that this | ^assignment of error has merit, and this action for damages based on Jones’ ultra vires acts and self-dealing has not prescribed.

Ten-year prescriptive period

Plaintiffs’ third assignment of error concerns the sustaining of the exception of prescription of ten years based on claims of Jones’ breach of fiduciary duty with regard to the May 4, 1999 deed by which Jones, individually and as agent, sold to himself property owned by his principals, and with respect to all transactions identified in paragraph 51 of Plaintiffs’ second supplemental and amended petition. Plaintiffs’ claims against the Succession of Edward Allen Jones, Jr., for damages with respect to any transactions which occurred more than ten years prior to the institution of the suit were dismissed with prejudice.
Based on the reasoning as to the foregoing exceptions of prescription of one and five years, we find that the ruling on this *711 exception of prescription of ten years should be reversed and vacated. Plaintiffs filed their petition within a ten-year period after discovering Jones’ breach of fiduciary duty by which he sold Plaintiffs’ property to himself and then donated the property to his son and transferred property to his daughter-in-law. Therefore, this assignment of error has merit, and the judgment of the trial court is hereby reversed and vacated.

CONCLUSION

For the reasons stated above, we affirm the certification of the partial judgment as a final and immediately appealable judgment and find in favor of Plaintiffs, Lydia Pipes Roane, Windsor Everette Pipes, Katherine Keebler 119HuddIe, Sarah Faye Keebler Kroger, Joseph Henry Enos, Charles Earl Enos, Mike Larson, Daryl Larson, Corry Larson, Mary Tetrev and Gladys Corry Beaver Price, reversing and vacating the judgment which sustained the exceptions of prescription in favor of Defendants, Scott Baughman Jones, individually and as administrator of the Succession of Edward Allen Jones, Jr., and Leslie Jones. Costs of this appeal are assessed to Defendants.
AFFIRMED IN PART, REVERSED IN PART AND VACATED.

. Defendants claim all of the Plaintiffs were named as defendants in the Rugg suit, but Plaintiffs claim not all of them were defendants in the action.

. Plaintiffs have not appealed this decision.

. Based on the language contained in the notice of appeal, the overrulings of the exceptions cited as 5) and 6) in this list do not constitute part of the final judgment.