WILLIAMS, J.
| jThe petitioner, Terry Elizabeth Ferguson, appeals a judgment dismissing her petition to reopen the succession of her father, Joseph C. Ferguson, Jr. The district court found that the petitioner’s claim for her legitime as a forced heir had prescribed. For the following reasons, we affirm.
FACTS
The decedent, Joseph C. Ferguson, Jr., died testate on March 31, 2005. The decedent was survived by his wife, Linda Ferguson, and their two children, Honour Ferguson Zueco and Joseph C. Ferguson, III. The decedent’s notarial will bequeathed all of his property to his wife and their children. Decedent was also survived by his daughter, Terry Ferguson, who was born of his first marriage, which ended in divorce from Nan Ferguson. The decedent’s will did not make any provision for Terry Ferguson, who was aware of her father’s death and had attended his funeral. All of the children were over the age of 23 at the time of decedent’s death.
In July 2005, the Succession of Joseph Ferguson, Jr., (“the succession”) was opened with the filing of a petition for probate of the notarial testament. Linda Ferguson was designated as the testamentary executrix. Attached to the petition were the affidavits of Mary Register and Deanna Roth, who attested that to the best of their knowledge, decedent was domiciled in Caddo Parish at the time of his death and that decedent was the father of three children, who were “competent majors capable of managing their property and affairs.” In November 2005, the district court entered the judgment of possession delivering the property of decedent’s estate to the ^legatees as provided in the will and closing the succession.
In May 2011, more than five years after the will was filed for probate, the petitioner, Terry Ferguson, filed a petition to reopen the succession and annul the judgment of possession. The petition alleged that the November 2005 judgment of possession was rendered in reliance on false assertions of petitioner’s competency con *1262 tained in the affidavits of death filed with the court. Attached to the petition was a Social Security Administration disability evaluation indicating that petitioner was bipolar with borderline mental functioning. The testamentary executrix filed an exception of prescription.
After a hearing, the district court granted the exception, finding that the petitioner failed to file her petition within the five-year prescriptive period. The court rendered judgment dismissing the petition to reopen the succession. Subsequently, the district court denied petitioner’s motion for new trial. The petitioner appeals the judgment.
DISCUSSION
The petitioner contends the trial court erred in dismissing her petition to annul the judgment of possession. Petitioner argues that the judgment should be declared null because her identity as a “possible” forced heir was concealed from the court by the submission of affidavits falsely stating that she was mentally competent.
A proceeding to open a succession shall be filed in the district court of the parish where the deceased was domiciled at death. LSA-C.C.P. art. 2811. The deceased’s domicile at the time of death, his ownership of |sproperty in the state and all other facts necessary to establish the jurisdiction of the court may be evidenced by affidavits. The deceased’s death, his marriage and all other facts necessary to establish the relationship of his heirs may be evidenced by official certificates of a public officer or by affidavits. LSA-C.C.P. art. 2821.
In the present case, the petitioner argues that the judgment of possession is null because the submission of affidavits misrepresenting her competency constituted fraud, citing Succession of Hearn, 412 So.2d 692 (La.App. 2d Cir.1982) and Schoen v. Burns, 321 So.2d 908 (La.App. 1st Cir.1975). In Hearn, supra, the deceased’s widow filed a petition and affidavits alleging that decedent had died leaving no descendants, despite her knowledge that a child had been born of his previous marriage. The court found that the false allegations suspended the running of prescription until the adult child discovered the fraud. In Schoen, supra, a summary judgment case, Schoen had filed a petition for probate alleging that the deceased left no descendants. The court found there were genuine issues of material fact as to whether Schoen knowingly concealed the forced heir’s existence from the court and whether the heir had filed his lawsuit within one year of discovering the fraud.
Here, unlike the situation in the cited cases, the affidavits submitted to the court do not omit petitioner, but specifically name her as a descendant of the decedent. Even though the affiants did not personally know the petitioner, they correctly stated that she is the decedent’s child born of his first marriage and was over 23 years of age. Thus, this case does not|4involve the same type of concealment at issue in the Hearn and Schoen cases.
Regarding the petitioner’s mental competency, the affiants stated that to the best of their knowledge, petitioner is a competent major capable of managing her property and affairs. The petitioner did not present evidence to show that the affiants had received contrary information about her mental capacity at the time they signed the affidavits in 2005. The finding that petitioner was disabled for the purpose of Social Security benefits was not issued until 2007 and there was no showing that she had been interdicted by any court. Based upon this record, the petitioner failed to demonstrate that the affidavits contained false statements such that their *1263 submission to the court constituted fraud requiring that the judgment of possession be annulled. The assignment of error lacks merit.

Prescription

The petitioner contends the trial court erred in failing to apply the doctrine of contra non valentem to suspend the running of prescription. Petitioner argues that prescription did not run because her reduced intellectual abilities prevented her from learning of her cause of action as a forced heir and the executrix failed to inform her of the succession proceedings.
An action for the reduction of an excessive donation is subject to a liberative prescription of five years. LSA-C.C. art. 3497. A donation which exceeds the disposable quantum that a testator may dispose of, to the prejudice of his forced heir, is not void but is reducible by the forced heir. | ¿Where the plaintiff does not attack the validity of the will and seeks only to recover his legitime, such an action can only be construed as one for the reduction of an excess donation and the five-year prescriptive period of Article 3497 is applicable. This prescriptive period begins to run on the date the will is filed for probate. Kilpatrick v. Kilpatrick, 625 So.2d 222 (La.App. 2d Cir.1993).
The cause of action to reduce an excessive donation arises when the will is probated because at that time there is spread upon the public record a proceeding which makes it known that the deceased has left a will, identifies the testamentary heirs, provides the quantum of the estate and names the person appointed to carry out the provisions of the will. Whether the legitime has been impinged upon is made known in the succession proceedings, which provide the forced heir with all the information necessary to seek reduction of an excessive donation. Kilpatrick, supra.
Louisiana jurisprudence has recognized contra non valentem, a limited exception to the running of prescription, where in fact and for good cause a plaintiff is unable to exercise a cause of action when it accrues. Contra non valentem is based on the theory that when the claimant is not aware of the facts giving rise to his cause of action against a defendant, the running of prescription is suspended until the plaintiff discovers or should have discovered the facts on which the action is based. Kilpatrick, supra.
The doctrine of contra non valentem applies when a party has committed acts of concealment or misrepresentation which hinder or impede the plaintiff from asserting his cause of action as long as the delay is not the |firesult of his own negligence. Kilpatrick, supra; West v. Gajdzik, 425 So.2d 263 (La.App. 3rd Cir.1982). The doctrine may apply where the cause of action is not known or reasonably knowable by a plaintiff even though his ignorance is not induced by defendant. Plaintiff will be deemed to know what he could have learned by reasonable diligence. Kilpatrick, supra.
In the present case, although the petitioner asserts that the executrix deliberately concealed the succession proceedings from her, petitioner did not set forth for the record the manner in which the executrix acted to conceal the proceedings. As we stated above, the petitioner failed to show that the affidavits submitted to the court were fraudulent. Nor has petitioner presented evidence of a scheme of concealment by the executrix. The present situation can be distinguished from that of West, supra, in which the executor intentionally did not inform the forced heir of her father’s death to prevent her from sharing in the estate. Here, the petitioner knew that the decedent was her father and that he had died in March 2005.
*1264 The petitioner also contends her limited intellectual functioning prevented her from knowing of her cause of action as a forced heir. However, we note that the petitioner’s condition did not prevent her from recognizing and pursuing her claim for social security disability benefits. Petitioner was able to file a claim for benefits on her own behalf, to obtain legal representation and to successfully appeal the initial denial of her disability claim. Petitioner has not shown, given her previous ability to function, how the disorder then prevented her from asserting her claim to be recognized as a forced heir. Based upon this record, the petitioner has failed |7to demonstrate that she was prevented from asserting her cause of action by either the acts of the executrix or her medical condition. Thus, the doctrine of contra, non valentem is not applicable to suspend the five-year prescriptive period. The assignment of error lacks merit.

Duty of the Executrix

The petitioner contends the trial court erred in failing to find that the testamentary executrix owed a duty to inform petitioner of her possible claim as a forced heir. Petitioner argues that she was deprived of the opportunity to assert her rights as a forced heir in the succession proceeding because the executrix breached her fiduciary duty.
A succession representative is a fiduciary with respect to the succession and shall have the duty of collecting, preserving and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator. LSA-C.C.P. art. 8191. An executor owes his duties to legatees, creditors and heirs. When an executrix knows or has reason to strongly suspect that there are persons with claims as forced heirs whose legitime is impinged by bequests in the will, she has a duty to make a diligent effort to learn the identity of and inform such persons of the decedent’s death and their possible claims. Hearn, supra. Forced heirs are descendants of the first degree who, at the time of decedent’s death, are 23 years of age or younger or such descendants of any age who, because of mental incapacity or physical infirmity, are permanently incapable of taking care of their persons or administering their estates at the time of decedent’s death. LSA-C.C. art. 1493.
| sIn her appellate brief, the petitioner argues that the executrix had a duty to inform her of the succession proceedings because she was a forced heir due to her medical condition. However, the record does not show that the executrix was aware that petitioner could be a forced heir because of mental incapacity or physical infirmity. There was no showing that the petitioner had been interdicted by a court or that the petitioner had informed the executrix of her disability before filing her petition to reopen the succession in May 2011.
Based on the evidence presented, the petitioner failed to demonstrate that the executrix knew or had a reason to strongly believe that petitioner was a forced heir because of her medical condition at the time of decedent’s death. Thus, we cannot say the executrix breached her fiduciary duty in not providing petitioner with notice of the succession proceedings. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Terry Ferguson.
AFFIRMED.