MARC E. JOHNSON, Judge.
12Plaintiffs, Danny Allday and The All-day Consulting Group, L.L.C. (“ACG”), appeal the sustaining of an exception of prescription dismissing ACG’s claims against defendant, Newpark Square I Office Condominium Association, Inc. (“Newpark”), with prejudice. For the reasons that follow, we reverse and remand for further proceedings.
On September 28, 2007, Mr. Allday filed a petition for breach of contract and damages against Newpark and its insurer, Massachusetts Bay Insurance Co. (“Massachusetts Bay”),[1] alleging Newpark failed to promptly and properly repair damages to a building located at 2901 Causeway Blvd. caused by Hurricanes Katrina and Rita. He further alleged Massachusetts Bay failed to timely pay Newpark’s insurance claims and that it acted arbitrarily and capriciously in doing |sso. Mr. Allday asserted he owned four units in the building and that the delayed and improper repairs caused him property damage, loss of rents, loss of profits, additional expenses, inconvenience and attorney’s fees.
Newpark responded by filing a dilatory exception of prematurity claiming that Mr. Allday’s claims against it were subject to mandatory and binding arbitration under the Condominium Agreement that was in effect between the parties. Mr. Allday initially did not object to the exception and requested a stay of his claims rather than a dismissal pending arbitration. However, he later filed an opposition to the exception of prematurity claiming the Condominium Agreement did not require arbitration. After a hearing, the trial court sustained the exception of prematurity and issued a judgment on November 25, 2008, dismissing Mr. Allday’s claims against Newpark without prejudice; but, the judgment specifically stated the trial court would retain jurisdiction to address any issues relating to the details of arbitration.
Meanwhile, Massachusetts Bay filed an exception of no right of action to Mr. All-day’s petition claiming Mr. Allday lacked standing to pursue any claims against it because he was not a named insured and that he assigned any potential causes of action to Newpark. The exception was denied after a hearing, and Massachusetts Bay remained in the lawsuit.
On August 18, 2010, almost three years after the original petition was filed and almost two years after Newpark was dismissed from the lawsuit, Mr. Allday amended his petition to add ACG, his solely owned limited liability corporation, as a plaintiff. In the amended petition, plaintiffs again named Newpark as a defendant and asserted claims against Newpark and *348 Massachusetts Bay. ACG alleged it leased one or more condominium units owned by Mr. Allday at the Causeway address where it conducted business activities, including tax return ^preparation and business consulting. ACG alleged that Newpark’s failure to make prompt and proper repairs to the building and Massachusetts Bay’s arbitrary and capricious failure to timely pay Newpark’s insurance claims caused ACG to suffer property damage and economic losses, including a decrease in its value, lost profits, and loss of its business reputation and good will.
In response to plaintiffs’ amended petition, Newpark filed an exception of prescription as to ACG’s claims and an exception of no right of action as to Mr. Allday’s reasserted claims.[2] A hearing was held on November 5, 2010, and the trial court took the exceptions under advisement. Prior to ruling on the exceptions, the trial court issued a stay in the proceedings at plaintiffs’ request pending a ruling on a consolidation hearing in another division of court where ACG had a separate lawsuit pending against its own insurer, as well as Newpark and Massachusetts Bay, for damage it suffered as a result of Hurricanes Katrina and Rita. The request for consolidation was denied on February 17, 2011.
On August 5, 2011, plaintiffs filed a second amended petition in response to an earlier exception of vagueness filed by Massachusetts Bay. Newpark again filed an exception of prescription and exception of no right of action. A hearing on the exceptions was held on December 16, 2011. During the hearing, reference was made to the original exceptions of prescription and no right of action that had been argued on November 5, 2010, and taken under advisement by the trial court. Newpark submitted its exceptions based on the arguments it had made during the November 2010 hearing. Plaintiffs argued their position, but submitted no new evidence.[3] At the conclusion of the hearing, the trial court sustained both exceptions.
liiMr. Allday and ACG timely filed this appeal seeking review of the trial court’s judgment sustaining Newpark’s exception of prescription and dismissing ACG’s claims against Newpark with prejudice.[4]
Newpark maintains ACG’s claims are in tort and, thus, are subject to a one-year prescriptive period.[5] Under La. C.C. art. 3492, delictual actions are subject to a liberative prescription of one year which commences to run from the day the injury or damage is sustained. Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be enforced. Of two possible constructions of a prescription statute, one barring the action and one maintaining it, the statute will be read in such manner as to maintain the obligee’s claim. Huth v. Pickering, 07-181 (La.App. 5 Cir. 8/28/07), 966 So.2d 652, 653, writ denied, 07-1889 (La.11/21/07), 967 So.2d 1157.
The burden of proof in an exception of prescription lies with the party asserting it; however, where the petition shows on its face that it has prescribed, *349 the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended. Monson v. Travelers Property & Casualty Ins. Co., 09-267 (La.App. 5 Cir. 12/8/09), 30 So.3d 66, 69, unit denied, 10-43 (La.3/12/10), 28 So.3d 1030. Plaintiffs contend ACG’s claims against Newpark were not prescribed on the face of the petition and, thus, Newpark bore the burden of proof. Conversely, Newpark asserts ACG’s claims were prescribed on their face and, thus, the burden shifted to plaintiffs to prove an interruption or suspension of prescription.
Upon review of the amended petition, we do not find that it is prescribed on its face. The only dates listed in the amended petition are August 2005 and | (¡September 2005, the dates Hurricanes Katrina and Rita initially damaged the building. In the amended petition, ACG asserts Newpark failed to make prompt and proper repairs to the building and that this failure caused ACG damage; however, neither the amended petition nor the original petition allege when these repairs were made. It would appear prescription would begin to run from when the dilatory and improper repairs were made, but nothing in the petition indicates that date.
Newpark suggests that repairs were made at least by 2007, because that is when Mr. Allday filed his lawsuit and alleged damages based on the same dilatory and improper repairs. We find Newpark’s argument unpersuasive. Mr. Allday owned four different units in the building and alleged damages relating to all four units. From the petition, it is unknown what and when repairs were made or attempted to be made and to which units. Further, additional repairs could have been made to ACG’s unit after Mr. Allday filed his lawsuit. Admittedly, plaintiffs’ original and amending petitions are vague as to when the actions or omissions occurred that form the basis of their causes of action. However, vague pleadings do not necessarily equate to being prescribed on their face for purposes of prescription.
Because ACG’s amended petition was not prescribed on its face, the burden of proving prescription was on Newpark as mover of the exception. Although evidence may be introduced to support or controvert an exception of prescription,[6] Newpark did not offer any evidence in support of its exception at either the November 2010 or December 2011 hearings. On the other hand, during the November 2010 hearing, to controvert the exception of prescription ACG offered the affidavit of Deborah Jones, which showed certain damage caused by the 17hurricanes had yet to be repaired as of November 2010, and a May 17, 2010 letter from Robert Roth, which showed insurance money had been received by Newpark on May 12, 2010 and Newpark intended to complete certain “projects.”
Upon review, we find Newpark failed to carry its burden of proving ACG’s claims had prescribed. Newpark never definitively showed when prescription started to run. The amended petition was silent as to the when the dilatory and improper repairs upon which ACG based its claims were made, and Newpark failed to offer any evidence to show when such repairs were made so as to trigger the running of prescription. For these reasons, we find the trial court erred in sustaining New-park’s exception of prescription.

DECREE

Based on the record before us, we find Newpark failed to carry its burden of *350 proving ACG’s claims in the amended petition were prescribed. Accordingly, we reverse the trial court’s January 5, 2012 judgment sustaining Newpark’s exception of prescription and dismissing ACG’s claims with prejudice, and remand the matter for further proceedings. Costs of this appeal are assessed against Newpark.

REVERSED AND REMANDED

. Massachusetts Bay was erroneously named as Hanover Insurance Company in the petition.

. Massachusetts Bay filed an exception of vagueness to the amended petition. Plaintiffs subsequently filed a second amending petition to address the vagueness claims. Thereafter, Massachusetts Bay filed an answer.

. Plaintiffs had submitted two documents into evidence during the November 5, 2010 hearing.

. Plaintiffs do not appeal the trial court’s ruling sustaining the exception of no right of action relating to Mr. Allday’s reasserted claims against Newpark.

. Unlike Mr. Allday, ACG does not allege any contractual relationship with Newpark.

. La. C.C.P. art. 931; Jensen v. City of New Orleans ex rel. New Orleans Aviation Bd., 10-917 (La.App. 5 Cir. 3/29/11), 64 So.3d 298, 301.