HANS J. LILJEBERG, Judge.
| ¡¡Plaintiff, John T. Scurlock, Jr. (“Tom”), appeals the trial court judgment sustaining defendants’ exceptions of prescription and dismissing his petition to reopen the succession of his mother, Frances Carr Scur-lock. He also appeals the denial of his motion for new trial. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Frances Carr Scurlock (“Frances”) died on September 7, 1990. She was survived by her husband, John T. Scurlock, Sr. (“John”), as well as her four children, Tom, Frank, Jeffrey, and Steven. Frances left a last will and testament, executed on August 21, 1990, in which she bequeathed 25 percent of her interest in some property in Kenner, Louisiana to Tom. The remainder of her estate was bequeathed to John and to her other three children, subject to a usufruct in favor of John.
A “Petition for Probate and for Possession,” naming John, Tom, Frank, Jeffrey, and Steven as petitioners, was filed on December 6, 1991. That same day, the trial court signed a “Judgment of Possession” in accordance with the terms set Lforth in Frances’ last will and testament. The judgment of possession was apparently amended thereafter on two occasions: May 12, 1994, and July 15, 2005.[1]
On July 20, 2012, Tom filed a “Petition to Reopen Succession, for Amended Judgment of Possession and Delivery of Legi-time.” In his petition, Tom asserts that the bequests to him in Frances’ will were less than the forced portion reserved to him under Louisiana law at the time of her death. Tom claims that he suffers from Bipolar Disorder I, which has caused him to be an absentee who has remained missing from his family for most of his life, including when his mother died, when her will was probated, and when the judgments of possession were rendered. He asserts that he was never given notice of the succession proceedings pertaining to Frances’ estate. Tom contends that he did not learn of his potential rights as a forced heir in his mother’s estate until he was contacted in 2011 by the attorney appointed for him in his father’s succession proceedings.[2] In his petition, Tom requests that Frances’ succession be reopened, that the judgment of possession last rendered on July 15, 2005, be amended to recognize his rights as a forced heir entitled to one-eighth of her estate, and that his legitime be delivered.
On December 14, 2012, Patricia Scurlock (“Patricia”), in her capacity as the testamentary executrix of John T. Scurlock, Sr.’s succession, filed exceptions of prescription and no cause of action, seeking dismissal of Tom’s petition to reopen Frances’ succession. Patricia asserts that in Tom’s petition, he is seeking reduction of *321 an excessive donation, which is subject to liberative prescription of five years. She contends that because Tom did not bring his claim until 20 years after Frances’ IfiWill was probated and a judgment of possession was rendered, his claim is clearly prescribed.
Patricia also asserts that Tom has no cause of action, because: 1) he was a petitioner in the original petition for probate and possession filed in Frances’ succession proceeding; and 2) a claim for reduction of an excessive donation cannot be brought by a petition to reopen a succession under LSA-C.C.P. art. 3393. On December 26, 2012, Frank and Jeffrey filed exceptions of prescription and no cause of action raising the same arguments as Patricia raised in her exceptions.
In opposition to the exceptions of prescription and no cause of action filed by Patricia, Frank, and Jeffrey, Tom filed a memorandum asserting that he has set forth proper cause for reopening Frances’ succession, pursuant to LSA-C.C.P. art. 3393. He also contends that defendants’ exceptions are premature and that prescription of Tom’s claims was suspended under the doctrine of contra non valen-tum, because Tom was an absentee, incompetent, and disabled, which prevented him from discovering his rights as a forced heir. He further claims that although he was listed as a petitioner in the pleadings to initiate Frances’ succession proceedings, he, in fact, had no knowledge of these proceedings or his rights as a forced heir.
The exceptions of prescription and no cause of action came for hearing before the trial court on April 30, 2013. At the conclusion of the hearing, the trial court granted the exceptions of prescription filed by defendants, dismissed the petition to reopen Frances’ succession, and found the exceptions of no cause of action to be moot.
On May 9, 2013, Tom filed a motion for new trial, arguing that the trial court incorrectly applied the five-year prescriptive period in LSA-C.C. art. 3497 for reduction of an excessive donation to this case. He asserts that neither | (¡defendants nor the trial court has cited a prescriptive period for reopening a succession, and that he has set forth good and proper cause for reopening the succession in this case. After a hearing on July 2, 2013, the trial court denied Tom’s motion for new trial. Tom appeals.

LAW AND DISCUSSION

On appeal, Tom asserts that the trial court erred in granting defendants’ exceptions of prescription, dismissing Tom’s petition to reopen Frances’ succession, and denying Tom’s motion for new trial, where any applicable prescriptive period had not run or was suspended under the doctrine of contra non valentum. He claims that prescription has not run against his cause of action to nullify the judgment of possession, because his petition was filed on July 20, 2012, which was less than one year after Tom’s discovery of defendants’ fraud or ill practices in obtaining the judgments of possession which impinge on his rights as a forced heir. He further contends that even if the five-year prescriptive period for an action for reduction of an excessive donation applies, prescription was suspended under the doctrine of contra non valentum because Tom was an absentee, incompetent, and defendants filed a petition for probate falsely stating that Tom was a petitioner, which prevented him from asserting his undisputed rights as a forced heir.
LSA-C.C. art. 1503 provides that a donation mortis causa that impinges on the legitime of a forced heir is not null but is merely reducible to the extent necessary to eliminate the impingement. When a testator disposes of her entire estate to the *322 prejudice of a forced heir, the donation mortis causa is subject to an action by the forced heir for reduction of the donation and for recovery of the legitime. Kilpatrick v. Kilpatrick, 625 So.2d 222, 225 (La.App. 2 Cir. 9/22/93), writ denied, 631 So.2d 445 (La.1994). Where the plaintiff makes no attack on the |7validity of the will and seeks only to recover his legitime, such an action can only be construed as one for reduction of an excessive donation. Id.
In the present case, Tom’s petition to reopen Frances’ succession does not contain any language requesting annulment of the judgments of possession. Rather, in his petition, Tom requests that the succession be reopened for amendment of the judgments of possession to recognize his rights as a forced heir and for delivery of his legitime under the law. Because Tom has made no attack on the validity of Frances’ will and seeks only to recover his legitime, this action must be construed as one for reduction of an excessive donation.
The five-year prescriptive period set forth in LSA-C.C. art. 3497 is applicable to claims for reduction of an excessive donation. A cause of action to reduce an excessive donation arises when the will is probated, and the five-year prescriptive period begins to run at that time. West v. Gajdzik, 425 So.2d 263 (La.App. 3 Cir. 12/22/82), writ denied, 428 So.2d 475 (La.1983). If the forced heir fails to bring a claim to reduce the donation and to claim his legitime within the five-year prescriptive period, ownership of the donation by the donee or legatee is maintained. Kilpatrick, 625 So.2d at 226.
In the instant case, Frances’ will was probated in December of 1991. Tom did not file his petition to reopen succession, seeking reduction of an excessive donation, until over 20 years later, in July of 2012. Clearly, the five-year prescriptive period expired. Nevertheless, Tom claims that his claim is not untimely, because prescription was suspended under the doctrine of contra non valentum. He asserts that defendants’ petition for probate and possession in Frances’ succession proceedings contains false statements that he was a petitioner in order to obtain a judgment of possession without notifying him, thereby preventing him from asserting his undisputed rights as a forced heir. He also Isdaims that he was an absentee, disabled, incompetent, not served with any pleadings, and unable to recognize or assert his rights as a forced heir.
Prescription runs against absent persons and incompetents, unless an exception has been established by legislation. LSA-C.C. art. 3468. Louisiana has recognized a limited jurisprudential exception to the running of prescription, known as contra non valentum, where in fact and for good cause, a plaintiff is unable to assert a cause of action when it accrues. In re: Succession of Ferguson, 47,941 (La.App. 2 Cir. 5/29/13), 114 So.3d 1260, 1263.
Contra non valentum is based on the theory that when the claimant is not aware of the facts giving rise to his cause of action against a defendant, the running of prescription is suspended until the plaintiff discovers or should have discovered the facts on which the action is based. Id. It is not necessary to have actual knowledge as long as there is constructive knowledge. Wells v. Zadeck, 11-1232, p. 9 (La.3/30/12), 89 So.3d 1145, 1151; Kilpatrick, 625 So.2d at 227. For purposes of contra non valentum, a plaintiff will be deemed to know what he could have learned with reasonable diligence. Caro v. Bradford White Corp., 96-120, p. 6 (La.App. 5 Cir. 7/30/96), 678 So.2d 615, 618.
The doctrine of contra non valen-tum may apply when: (1) there is some legal cause which prevented the court or *323 its officers from taking cognizance of and acting on the plaintiff’s actions; or (2) where there is some condition coupled with the contract or coupled with the proceedings which prevented the creditor from suing or acting; or (3) where the debtor has done some act effectually to prevent the creditor from availing himself of his cause of action; or (4) where the cause of action is not known or reasonably knowable by the plaintiff even though his ignorance is not induced by the defendant. Kilpatrick, 625 So.2d at 226; West v. Gajdzik, 425 So.2d at 266-267.
| ;)In the present case, Tom admits that he was informed of his mother’s death in 1990. Tom assumed that his mother had left her assets to his father, who was living at the time, so he did not feel it was necessary to contact his father or siblings. While it may be true that Tom had no knowledge of Frances’ succession proceedings and that he was not aware that he was listed as a petitioner in those proceedings, it is undisputed that he did not contact any family members or make any efforts to obtain information pertaining to his mother’s succession or estate.
In 2012, Tom was evaluated by Dr. Brian Jordan, a clinical psychologist, who opined that due to Tom’s bipolar disorder, he has generally been incapable in his lifetime of having passively acquiesced in the legal proceedings concerning the estates of his parents. However, Dr. Jordan also notes in his report that Tom has obtained two colleges degrees, including one in computer science. It is noted that while Tom’s illness may have caused negative consequences in his life, he has never been interdicted, and the record does not establish that he was unable to obtain the necessary information to assert his claims of forced heirship in his mother’s succession. Based on our review of the record before us, we find that the doctrine of contra non valentum does not apply in this case.
Tom failed to file his action seeking reduction of excessive donation within five years of the probate of his mother’s will, and no exception to the running of prescription has been shown by the facts of this case. Accordingly, we find no error in the trial court’s judgment granting the exceptions of prescription filed by defendants.
On appeal, Tom also argues that the trial court erred in dismissing Tom’s petition to reopen Frances’ succession, because there is proper cause to reopen the succession, pursuant to LSA-C.C.P. art. 3393. However, considering our finding that 110Tom’s claims for reduction of excessive donation, which is the relief sought in the petition, have prescribed, we pretermit discussion of this assignment of error.
Finally, Tom argues that the trial court erred in excluding Tom’s proffered testimony on his petition to reopen the succession. He claims that his proffered testimony is “highly relevant” to the issue of whether there is proper cause to reopen the succession.
At the hearing on defendants’ exceptions, counsel for Tom stated that testimony needed to be taken from Tom regarding his knowledge of events and other matters, and he asked to be allowed to submit an affidavit from Tom. Counsel for defendants objected, noting that he did not know what the' affidavit would say and that he did not believe there was a basis to submit an affidavit. The trial court sustained defendants’ objection, noting that the record was clear that from the time of Frances’ death to the present, Tom was never interdicted, imprisoned, or barred physically or mentally from inquiring into the succession proceedings of his mother. *324 However, the trial court allowed Tom to submit an affidavit as a proffer.
LSA-C.E. art. 103(A) provides that error may not be predicated on a ruling which excludes evidence unless a substantial right of the party is affected. The question to determine whether a party was prejudiced by a court’s alleged erroneous ruling is whether the error, when compared to the entire record, had a substantial effect on the outcome of the case. Jennings v. Ryan’s Family Steak House, 07-0372, p. 10 (La.App. 1 Cir. 11/2/07), 984 So.2d 31, 39. The party alleging error has the burden of showing that the error was prejudicial to his case. Cash v. K.C.I. Const., Inc., 95-1083, p. 9 (La.App. 5 Cir. 5/15/96), 675 So.2d 297, 301, writ denied, 96-1811 (La.10/25/96), 681 So.2d 369.
|nIn the instant case, we find no error in the trial court’s exclusion of Tom’s testimony or affidavit, as the pertinent facts concerning the exceptions of prescription were generally undisputed. Nevertheless, even if we were to consider Tom’s affidavit, which was proffered, it would not affect our determination that the trial court did not err by granting defendants’ exceptions of prescription.
Patricia, Frank, and Jeffrey Scurlock filed answers to the appeal, in which they asked this Court to consider and grant their exceptions of no cause of action, in the event that this Court reverses the judgment granting their exceptions of prescription. Considering our decision to affirm the trial court’s judgment sustaining the exceptions of prescription, there is no need to address the exceptions of no cause of action.

DECREE

For the foregoing reasons, we affirm the trial court judgment sustaining the exceptions of prescription filed by defendants and dismissing Tom’s petition to reopen Frances’ succession. We also affirm the denial of Tom’s motion for new trial.

AFFIRMED.

. The amended judgments of possession are not contained in the designated appellate record. However, the parties do not contend that these amendments were substantial or pertinent to the issues on appeal.

. The record reflects that John T. Scurlock, Sr. died on September 27, 2008.