MARC E. JOHNSON, Judge.
14Plaintiff/Appellant, Natividad Tenorio, appeals the trial court’s sustaining of a peremptory exception of prescription and dismissal of his action with prejudice in favor of Defendants/Appellees, Shell Oil Company, Shell Offshore Inc., SWEPI, LP, Intracoastal Tubular Services, Inc., ConocoPhillips Company, Exxon Mobil Corp., ExxonMobil Oil Corp., Marathon Oil Co., Devon Energy Production Co., L.P., Chevron USA, Inc., BP Products North America Inc., and BP America Production Company, from the 24th Judicial District Court, Division “0”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The following facts are gleaned from the pleadings filed in this matter.
Mr. Tenorio was employed by Alpha Technical Services (“Alpha Tech”) from 1981 through 1988. While employed with Alpha Tech, Mr. Tenorio worked at the Alpha Tech yard and the Intracoastal Tubular Services yard, which were located in Harvey, Louisiana. During that time, both yards performed operations that cleaned oil field generated radiation (“OGR”) scale from pipes and other equipment used while producing oil and gas. Many years after Mr. Tenorio’s employment terminated with Alpha Tech, it was determined that the cleaning of |sthat cleaned oil field generated radiation (“OGR”) scale from pipes and other equipment used while producing oil and gas. Many years after Mr. Tenorio’s employment terminated with Alpha Tech, it was determined that the cleaning of the OGR pipes at the yards led to the exposure to dangerous levels of OGR and other naturally occurring radioactive material.
In November 2009, Mr. Tenorio was diagnosed with squamous carcinoma of the vocal cords (throat cancer). After speaking with a former co-worker, Aldo Hernandez, and being informed by him about the discovery of the exposure to the radioactive material at the yards, Mr. Tenorio filed a Petition for Damages against Defendants in this matter on April 17, 2014. In his petition, Mr. Tenorio sought damages for his exposure to the radioactive material that allegedly lead to his throat cancer diagnosis. Each of Defendants filed various exceptions, which included peremptory exceptions of prescription.
A hearing on the exceptions was held on August 7, 2014. In a judgment rendered on the same date, the trial court sustained the exceptions of prescription and found that all of the other exceptions were moot. The trial court dismissed Mr. Tenorio’s action at his cost. Mr. Tenorio filed a Motion for New Trial on August 15, 2014, which was denied on August 21, 2014. The instant appeal followed.
ASSIGNMENT OF ERROR
In his sole assignment of error, Mr. Tenorio alleges the trial court erred in creating a per se rule that a latent disease claim prescribes one year after the diagnosis, irrespective of whether he, as a plaintiff, was on notice of his claim.
*273 LAW AND ANALYSIS
Mr. Tenorio alleges the trial court erred in sustaining the exceptions of prescription through creating a per se rule that a latent disease claim prescribes one year after the diagnosis. Mr. Tenorio contends that, under the doctrine of contra | ¿non valentem, his action is not prescribed because no discovery has been conducted to determine whether he knew of the causal connection between radiation exposure and throat cancer. Mr. Tenorio argues that his petition alleges that he did not know he was exposed to radiation until August 2013, and there has been no factual evaluation by the trial court to determine whether his delay in filing his suit was reasonable. He further argues that he properly invoked contra non valentem in his petition; and, since the analysis for an exception of prescription is only based on the face of the pleadings, all of his allegations should have been accepted as true by the trial court. Because Defendants failed to offer any evidence to support their exceptions of prescription and controvert his allegations, Mr. Tenorio contends the exceptions should have been overruled.
Defendants argue the trial court properly sustained their exceptions of prescription because Mr. Tenorio’s petition is prescribed on its face. Defendants assert that the date of Mr. Tenorio’s diagnosis was in 2009, almost five years before he filed suit, and that absent an interruption or suspension, his claim had prescribed, at least, by 2010. Since the petition is prescribed on its face, Defendants contend Mr. Tenorio had the burden of establishing at the hearing that prescription was suspended through contra non valentem. Defendants further assert that the one-year prescriptive period in La. C.C. art. 3492 commenced to run when the throat cancer manifested itself because Mr. Teno-rio was put on constructive notice. Defendants maintain that Mr. Tenorio failed to meet his burden of establishing that his purported ignorance of his cause of action from November 2009 until August 2013 was not attributable to his own neglect; thus, his claim cannot be salvaged with contra non valentem.
In reviewing a peremptory exception of prescription, the standard of review requires an appellate court to determine whether the trial court’s finding of fact was manifestly erroneous. Herrera v. Gallegos, 13-204 (La.App. 5 Cir. 10/9/13); 128 So.3d 306, 308. Although the factfinder is afforded deference, appellate courts have a duty to review the facts. Id. Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be enforced. Allday v. Newpark Square I Office Condo. Ass’n, 12-577 (La.App. 5 Cir. 3/13/13); 113 So.3d 346, 348. Of two possible constructions of a prescription statute, one barring the action and one maintaining it, the statute will be read in such manner as to maintain the obligee’s claim. Id.
“On the trial of a peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” La. C.C.P. art. 931. When evidence is introduced at a hearing on an exception of prescription, the trial court’s findings of fact are reviewed under the manifest error standard. Herrera, 128 So.3d at 309. However, in the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true. Id. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Id. However, if prescription is evident on the face of the pleadings, the burden shifts *274 to the plaintiff to show that the action has not prescribed. Id.
At the hearing on the exception of prescription, Defendants did not introduce any evidence that was relevant in supporting the assertion that Mr. Tenorio’s action was prescribed. Therefore, we are left with only examining the allegations set forth in the petition. In his petition, Mr. Tenorio alleged that he was employed with Alpha Tech, Inc. from 1981 through 1988 at the yard in Harvey, Louisiana while engaged in or in close proximity to operations involving the cleaning of OGR scale from pipe. The cleaning process utilized at the pipe yards caused the |8OGR scale to become pulverized, resulting in a substantial amount of the particles becoming airborne and spreading throughout the yards. He alleged that the exposure to dangerous levels of radiation from inhaling and ingesting the OGR caused him to develop and be diagnosed in November 2009 with squamous carcinoma of the vocal cords. Mr. Tenorio further alleged that he was not on notice of, nor did he have any knowledge of, the fact that he had been exposed to the OGR until August 2013, which was when he was informed by Mr. Hernandez, a former co-worker, that he may have been exposed to radiation while working at the tech yard. He claimed that the running of prescription was suspended by operation of the doctrine of contra non valentem.
From the face of the petition, Mr. Tenorio’s claims are prescribed because he was diagnosed with throat cancer in November 2009 but did not file his action until April 2014. Under La. C.C. art. 3492, delictual actions are subject to a liberative prescription of one year, which commences to run from the day the injury or • damage is sustained. Allday, supra. When damages are not immediate, the action in damages is formed and begins to prescribe only when the tortious act actually produces damage and not on the day the act was committed. Bailey v. Khoury, 04-0620 (La.1/20/05); 891 So.2d 1268, 1276, citing Harvey v. Dixie Graphics, Inc., 593 So.2d 351 (La.1992). Thus, damage is considered to have been sustained, within the meaning of La. C.C. art. 3492, only when it has manifested itself with sufficient certainty to support accrual of a cause of action. Id., citing Cole v. Celotex Corp., 620 So.2d 1154 (La.1993). This means that, on the face of the petition, prescription on Mr. Tenorio’s claims began to run in November 2009. It was then Mr. Teno-rio’s burden to prove that his claims were not prescribed. In an attempt to defeat prescription, Mr. Tenorio’s petition alleged that contra non valentem applies.
| ^Louisiana has recognized a limited jurisprudential exception to the running of prescription, known as contra non valentem, where in fact and for good cause, a plaintiff is unable to assert a cause of action when it accrues. In re Succession of Scurlock, 13-960 (La.App. 5 Cir. 4/23/14); 140 So.3d 318, 322. Contra non valentem is based on the theory that when the claimant is not aware of the facts giving rise to his cause of action against a defendant, the running of prescription is suspended until the plaintiff discovers or should have discovered the facts on which the action is based. Id. It is not necessary to have actual knowledge as long as there is constructive knowledge. Id. For purposes of contra non valentem, a plaintiff will be deemed to know what he could have learned with reasonable diligence. Id.
The doctrine of contra non valen-tem may apply when: 1) there is some legal cause which prevented the court or its officers from taking cognizance of and acting on the plaintiffs actions; or 2) where there is some condition coupled with the contract or coupled with the proceed *275 ings which prevented the plaintiff from suing or acting; or 3) where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action; or 4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Id.
Here, Mr. Tenorio argues that contra non valentem, applies to this matter because he did not have knowledge of the cause of his throat cancer until he was informed by Aldo Hernandez in August 2013 that he may have been exposed to radiation while working for Alpha Teeh. However, Mr. Tenorio was diagnosed with the throat cancer in November 2009. His diagnosis was constructive notice sufficient to put Mr. Tenorio on guard and to call him to inquire into the cause of his condition. Contra non valentem will not protect a plaintiffs claim from the [ inrunning of prescription when his own willfulness or neglect caused his ignorance. Loupe v. Avondale Shipyards, 470 So.2d 336, 338 (La.App. 5th Cir.1985). Athough Mr. Tenorio claims to not have had knowledge of the radiation exposure at Alpha Tech, the commencement of prescription began when he should have discovered the facts upon which his cause of action was based, which was in November 2009. (See, Bradley v. Emplrs. Ins. Co., 11-0357 (La.App. 1 Cir. 6/28/12); 97 So.3d 454, 464, where the First Circuit held, “[t]he doctrine itself is based on the theory that when the claimant is not aware of the facts giving rise to his or her cause of action against the particular defendant, the running of prescription is for that reason suspended until the tort victim discovers or should have discovered the facts upon which his or her cause of action is based.”) (Emphasis added).
Therefore, we find that Mr. Tenorio’s delay in filing suit after November 2010 was not reasonable and his cause of action against Defendants has prescribed.
DECREE
For the foregoing reasons, the sustaining of the exception of prescription is affirmed.

AFFIRMED