

Office Of The Clerk

# Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

**Rodd Naquin**
**Clerk of Court**

**Post Office Box 4408**
**Baton Rouge, LA**
**70821-4408**
**(225) 382-3000**

## Notice of Judgment and Disposition

June 03, 2022

Docket Number: 2021 - CA - 1165

Succession of Joseph Cogliandro
versus

TO:   Robert A. Contreras
3329 Florida Ave.
Kenner, LA 70065

Thomas H. Gray
113 Doubloon Drive
Slidell, LA 70461

Peter David Carollo
2228 2nd St.
Slidell, LA 70458

Hon. Raymond S. Childress
P. O. Box 608
Franklinton, LA 70438

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

RODD NAQUIN
CLERK OF COURT

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1165

*JEW*

*Mnt.*

*PMc by Mnt*

SUCCESSION OF JOSEPH COGLIANDRO

*Judgment Rendered:* JUN 0 3 2022

* * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 1997-30320, Division A

The Honorable Raymond S. Childress, Judge Presiding

* * * * * * *

P. David Carollo
Slidell, Louisiana

Thomas H. Gray
Slidell, Louisiana

Counsel for Appellant
Peyton Polk

Counsel for Appellee
Joan Wooldridge Cogliandro

* * * * * * *

BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.

**THERIOT, J.**

In this succession proceeding, an adult child of the decedent appeals a trial court judgment sustaining an exception of prescription raised as to her petition to reopen the succession and set aside the judgment of possession. For the reasons set forth herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

Decedent, Joseph Cogliandro, died testate on January 2, 1997. His surviving spouse, Joan W. Cogliandro ("Joan"), filed a petition for probate of testament on June 6, 1997. Decedent's testament, dated December 7, 1983, bequeathed the disposable portion of his property to his wife Joan and the forced portion of his property to his two daughters, Joan Carmela Cogliandro ("Peyton")[1] and Candice Ann Cogliandro, subject to a usufruct for life in favor of his wife Joan over the forced portion. Decedent's will was probated on June 10, 1997.

Joan was appointed testamentary executrix. On December 4, 2003, she filed a motion to homologate the tableau of distribution, stating that she had filed the tableau of distribution and final accounting on May 7, 2001, advertised the notice of filing of the tableau of distribution and final accounting on September 20, 2001, that no creditor of the estate had objected to the tableau or final accounting, that all ancillary litigation had been concluded, that all property to be sold had been sold, and that more than three months had passed since the decedent's death. The trial court signed a judgment on December 4, 2003, ordering that the tableau of distribution be approved and homologated and that distribution of funds in the hands of the succession representative be made to creditors as scheduled therein.

On December 9, 2003, Joan filed a petition to conclude administration and be placed in possession. The petition stated that the decedent bequeathed the disposable portion of his property to Joan, and since neither of his children were

---

[1] In later pleadings filed in this suit, Joan Carmela Cogliandro stated that she has changed her name to Peyton Carmela Cogliandro or Peyton Polk.

forced heirs because they were over the age of twenty four at the time of his death, the disposable portion of his estate was the entire estate. The trial court signed the judgment of possession on December 9, 2003, recognizing Joan as decedent's surviving spouse in community. Joan was recognized as the owner and placed in possession of her undivided one-half interest in the community of acquets and gains. She was also recognized as the sole legatee and owner and placed in possession of decedent's undivided one-half interest in the community of acquets and gains.

On May 7, 2020, almost seventeen years after the judgment of possession was signed, Peyton filed a Petition to Reopen Succession and to Set Aside the Judgment of Possession. In this petition, Peyton challenges the allegation in the December 9, 2003 petition to conclude administration and be placed in possession that the decedent's entire estate was the disposable portion since Peyton and Candice were not forced heirs. According to Peyton's May 7, 2020 petition, the trial court should have considered the decedent's intent in drafting the will. Peyton suggests that the decedent's intent was "most probably" to leave his daughters "something" and that he may not have understood that the use of the terms "forced portion" and "disposable portion" in the will would result in his daughters not receiving anything if they were not forced heirs at the time of his death.

Joan filed a peremptory exception raising the objection of prescription. Joan argued that Peyton's claim was essentially an attack on a judgment of possession to assert the legitime, which was subject to a five-year prescriptive period under La. C.C. art. 3497. Peyton opposed the exception, admitting the validity of the will, but arguing that her claim that the will was improperly interpreted and applied was subject to the thirty-year prescriptive period set forth in La. C.C. art. 3502 for the recognition of a right of inheritance.

3

The trial court sustained the exception of prescription and dismissed Peyton's suit with prejudice, and this appeal followed.[2]

## DISCUSSION

On appeal, Peyton argues that the trial court erred in sustaining the exception because "the judge failed to take into account all of the facts in the case, and in particular as to when the will was written and time elements that ensued since then." Peyton argues that the applicable prescriptive period is provided by La. C.C. art. 3502, which states that "[a]n action for the recognition of a right of inheritance and recovery of the whole or a part of a succession is subject to a liberative prescription of thirty years . . . from the day of the opening of the succession."

The rules of prescription are designed to prevent old and stale claims from being prosecuted. *Wells v. Zadeck*, 11-1232, p. 7 (La. 3/30/12), 89 So.3d 1145, 1149. Although evidence may be introduced to support or controvert the exception, where, as here, no evidence is introduced, an exception of prescription must be decided upon the facts alleged in the petition with all allegations accepted as true. La. C.C.P. art. 931; *Wells*, 11-1232 at p. 7, 89 So.3d at 1149-50.

A judgment sustaining an exception of prescription is generally reviewed *de novo* because the exception raises a legal question. *Quatrevingt v. State through Landry*, 17-0884, p. 6 (La.App. 1 Cir. 2/8/18), 242 So.3d 625, 631.

Louisiana Civil Code article 1503 provides that a donation mortis causa that impinges upon the legitime of a forced heir is not null, but rather is merely reducible to the extent necessary to eliminate the impingement. When a testator disposes of his entire estate to the prejudice of a forced heir, the donation mortis

[2] The January 27, 2021 judgment signed by the trial court, from which this appeal was taken, was deficient in that it did not comply with the requirements of La. C.C.P. art. 1918(A) that a judgment contain a paragraph with decretal language identifying the name of the party in whose favor relief is awarded and the name of the party against whom the relief is awarded. This court issued an Interim Order on March 9, 2022, remanding this matter to the trial court for the limited purpose of instructing the trial court to sign an amended judgment pursuant to La. C.C.P. art. 1951 that corrects the deficiencies. An amended judgment containing proper decretal language was signed by the trial court on March 28, 2022.

4

causa is subject to an action by the forced heir for reduction of the donation and for recovery of the legitime. *In re Succession of Scurlock*, 13-960, p. 6 (La.App. 5 Cir. 4/23/14), 140 So.3d 318, 321-22; *Kilpatrick v. Kilpatrick*, 625 So.2d 222, 225 (La.App. 2 Cir. 9/22/93), *writ denied*, 631 So.2d 445 (La. 1994). Where the plaintiff makes no attack on the validity of the will and seeks only to recover his legitime, such an action can only be construed as one for reduction of an excessive donation. *Scurlock*, 13-960 at pp. 6-7, 140 So.3d at 322; *Kilpatrick*, 625 So.2d at 225.

In this matter, Peyton makes no attack on the validity of the will. She also does not allege that she is a forced heir entitled to a legitime. Rather, she seeks to reduce the donation mortis causa made to Joan, based on her belief that her father intended to leave her the forced portion even if she was not a forced heir at the time of his death. No matter how styled, her petition is one for reduction of an excessive donation. See *Scurlock*, 13-960 at pp. 6-7, 140 So.3d at 322; *Kilpatrick*, 625 So.2d at 225; see also *Armstrong v. ARCCO Company Services, Inc.*, 21-0131, p. 9 (La.App. 1 Cir. 10/18/21), 331 So.3d 939, 945 ("The caption of a pleading does not control. Rather, courts are obligated to look through the caption of pleadings in order to ascertain their substance.")

Louisiana Civil Code article 3497 provides that an action for the reduction of an excessive donation is subject to a liberative prescription of five years. A cause of action to reduce an excessive donation arises when the will is probated, and the five-year prescriptive period begins to run at that time. *Scurlock*, 13-960 at p. 7, 140 So.3d at 322. In this matter, the will was probated on June 10, 1997. Peyton did not file her petition to reopen the succession, seeking reduction of an excessive donation, until almost twenty-three years later, on May 7, 2020. Clearly, the five-year prescriptive period expired, and the trial court did not err in dismissing Peyton's petition.

5

## CONCLUSION

The March 28, 2022 amended judgment sustaining the peremptory exception of prescription and dismissing Peyton Polk's petition with prejudice is affirmed. All costs of this appeal are assessed to Peyton Polk.

**AFFIRMED.**