GRAVOIS, J.
Plaintiff, Tammy Blanchard, appeals a trial court judgment which granted an exception of prescription filed by defendants, Fleming Construction Company, LLC and Shavers-Whittle Construction, LLC. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On August 13, 2015, plaintiff, Tammy Blanchard, filed a petition for damages naming the following parties as defendants: Gerry's Place, Inc. ("Gerry's Place"); Jefferson Parish Consolidated Drainage District No. 2 ("the Drainage District"); the Parish of Jefferson ("Jefferson Parish"); John F. Young, Jr., then Jefferson Parish President ("Mr. Young"); ABC Contractors ("ABC"); DEF Insurance Company ("DEF"); GHI Insurance Company ("GHI"); and JKL Insurance Company ("JKL").[1] The petition alleged that the Drainage District, Jefferson Parish, and Mr. Young entered into a contract with ABC to perform work on and/or to widen a drainage canal on Behrman Highway in Jefferson Parish. As a result of this construction, Gerry's Place, a nearby business, instructed its customers to park in the parking lots of other nearby businesses. On January 15, 2015, Ms. Blanchard was going to Gerry's Place to participate in a pool league. She parked in the parking lot of a nearby business and walked across a grassy pathway which allegedly had been provided by defendants to get to Gerry's Place. As she proceeded on the grassy pathway, Ms. Blanchard allegedly tripped over some concrete which allegedly had been dumped on the pathway by defendants and which had become camouflaged with dirt and grass. The petition asserted claims of negligence and *1027 strict liability, and asserted that defendants were liable to her jointly, severally, and in solido for the damages she allegedly suffered as a result of her fall.
On January 9, 2017, Ms. Blanchard filed an amended petition for damages, adding Fleming Construction Company, LLC ("Fleming") as a defendant. The amended petition claimed that the Drainage District and Jefferson Parish entered into a contract with Fleming in 2014 to perform the work on the drainage canal on Behrman Highway. On June 23, 2017, Ms. Blanchard filed a second amended petition for damages, adding Shavers-Whittle Construction, LLC ("Shavers-Whittle") as an additional defendant. In the second amended petition, Ms. Blanchard alleged that the Drainage District and Jefferson Parish entered into a contract with Fleming and/or Shavers-Whittle to perform the work on the drainage canal on Behrman Highway.
On October 23, 2017, Fleming and Shavers-Whittle jointly filed a peremptory exception of prescription. According to the memorandum attached to the exception, on November 29, 2016, Gerry's Place was dismissed from the case with prejudice. Then, on September 25, 2017, the trial court granted a motion for summary judgment in favor of the Drainage District, Jefferson Parish, and Mr. Young, therein dismissing all claims against them with prejudice. Accordingly, Fleming and Shavers-Whittle were the only remaining defendants in the matter at that time. In their exception, Fleming and Shavers-Whittle argued that the amended petitions naming them as defendants prescribed on their faces since they were filed more than a year from Ms. Blanchard's injury. Because no liability existed on the part of the timely-sued defendants and no joint or solidary obligation existed among them, prescription had not been interrupted as to Fleming and Shavers-Whittle, the untimely-sued defendants. Further, Fleming and Shavers-Whittle argued that the use of the fictitious title "ABC Contractor" in the original petition did not interrupt prescription as to said defendants.
In opposition to the exception of prescription, Ms. Blanchard contended that the doctrine of contra non valentem interrupted prescription against Fleming and Shavers-Whittle. She argued that in ongoing discovery, Jefferson Parish could not and would not reveal the contractors who were performing the subject construction. She further argued that when Fleming was finally named as the contractor, the amended petition was filed naming it as a defendant. She noted that in its answer to the petition, Fleming stated, "Fleming admits the existence of a certain contract with the Parish of Jefferson." Further, Fleming, in response to discovery requests, produced a contract between Fleming and Shavers-Whittle that showed that Shavers-Whittle was the subcontractor on the subject project. Accordingly, Ms. Blanchard then amended her petition a second time, adding Shavers-Whittle as an additional defendant. Then at the corporate deposition of Fleming, the corporate representative testified that Fleming had the contract to do subject work on the canal where Ms. Blanchard was injured, and it employed Shavers-Whittle to do the work. Ms. Blanchard argued that she did her due diligence in finding the new defendants through discovery and the La. C.C.P. art. 1442 corporate deposition of Fleming.
Following a hearing on the exception on December 6, 2017, the trial court issued a judgment on December 19, 2017 granting the exception of prescription and dismissing Fleming and Shavers-Whittle with prejudice. In its detailed reasons for judgment, the trial court noted that since the amended petitions were filed more than a *1028 year after the injury, they were prescribed on their faces as to the claims against Fleming and Shavers-Whittle. Additionally, summary judgments were previously granted, prior to the hearing on the exception of prescription, in favor of Gerry's Place, Jefferson Parish, the Drainage District, and Mr. Young, dismissing all of Ms. Blanchard's claims against these defendants. The timely-filed suit against these defendants did not interrupt prescription as to Fleming and Shavers-Whittle, the untimely-sued defendants, since the timely-sued defendants were ultimately found to not be liable and were accordingly dismissed from the ligation. Further, the trial court noted that including parties with fictitious titles does not interrupt the running of prescription.
Addressing the claims of contra non valentem , the trial court noted that Ms. Blanchard's opposition failed to provide specific details about when and how Jefferson Parish was asked to provide names of any contractors on the drainage project, specifically how Jefferson Parish and/or the other defendants refused to reveal the contractors' identities or what Ms. Blanchard did in response to defendants' refusals. The trial court noted that Ms. Blanchard provided no proof at all that Jefferson Parish ever refused to reveal the contractors' identities. At the hearing on the exception, Ms. Blanchard presented no evidence as to the dates and substance of discovery requests made to ascertain the names of the property's owners and of contractors working in the area in question. The trial court pointed out that the record shows that Ms. Blanchard never filed any motions to compel Jefferson Parish or anyone else to provide this information. Additionally, the trial court specifically inquired as to the efforts Ms. Blanchard made to ascertain the names of the property owner(s) from the public records and tax records independent of the discovery process. Counsel for Ms. Blanchard replied that he believed no one owned the property where the accident occurred. However, the trial court found that "a brief review of Exhibit 2 to Plaintiffs own Memorandum in Opposition to Peremptory Exception of Prescription [Fleming's Subcontract with Shavers-Whittle], shows that the Industry Canal Drainage Improvement Contract (Oakwood Canal to Algiers Outfall Canal) contains a public Solicitation Number (No. SELA-14-11-H-OO 11). This indicates that information pertaining to the project and the contract between Fleming and the U.S. Army Corps of Engineers was in fact publicly available." (Emphasis in original.)[2]
According to the trial court, ownership of the land could have been ascertained from public records and/or tax records, but no evidence was presented of any attempts to ascertain the names of property owners or contractors so they could have been timely sued. Incidentally, the trial court noted that defendants were forced to file two motions to compel because Ms. Blanchard failed to respond for months to defendants' written discovery requests.
The trial court found that because the fact that the land in question was owned and maintained by parties other than Gerry's Place, Jefferson Parish, the Drainage District, and Mr. Young was "reasonably knowable" by Ms. Blanchard within the prescriptive period in the exercise of reasonable diligence, the fourth category of the doctrine of contra non valentem did not apply.
On appeal, Ms. Blanchard argues the following assignments of error:
1) The trial court erred in finding that appellant should have discovered that Jefferson Parish did not own *1029 the land where appellant's accident occurred, even though ownership does not apply in this matter;
2) The trial court erred in not considering the fact that Jefferson Parish believed it was involved in the construction on the canal, as did appellant, and believed it had a contract with a contractor and did not consider that Jefferson Parish did not reveal the name of the contract [sic ] until after one year prescription had passed; the trial court erred in not considering that Jefferson Parish would have filed summary judgment immediately if it did not believe and represent that it was involved and appellant relied upon the parish, triggering La. C.C. art. 3467 ;
3) The trial court erred in finding that appellant should have timely discovered the names of appellee contractors and timely included them in the petition for damages, within one year of the accident.
4) The trial court erred in failing to apply La. C.C. art 3467contra non valentem , under the disputed facts shown; and
5) The trial court erred in failing to see that Jefferson Parish's actions trigger contra non valentem as was proven by Jefferson Parish's summary judgment.
LAW AND ANALYSIS [3]
Delictual actions are subject to a liberative prescription of one year from the date the injury or damage is sustained. La. C.C. art. 3492. Prescription is interrupted by the commencement of suit against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. The interruption of prescription by suit against one solidary obligor is effective as to all solidary obligors. La. C.C. arts. 1799 and 3503. The same principle is applicable to joint tortfeasors. La. C.C. art. 2324(C). However, a suit timely filed against one defendant does not interrupt prescription against other defendants not timely sued, where the timely-sued defendant is ultimately found not liable to the plaintiff, since no joint or solidary obligation would exist. Renfroe v. State , 01-1646 (La. 2/26/02), 809 So.2d 947, 950 ; Spott v. Otis Elevator Co. , 601 So.2d 1355 (La. 1992).
Although La. C.C. art. 3467 provides that "prescription runs against all persons unless excepted by legislation," the jurisprudential doctrine of contra non valentem is an exception to this statutory rule and operates as a means of suspending the running of prescription when the circumstances of a case fall within one of four categories. Wells v. Zadeck , 11-1232 (La. 3/30/12), 89 So.3d 1145, 1150. The Louisiana Supreme Court has explained that the doctrine of contra non valentem "is used to soften the occasional harshness of prescriptive statutes." Id. Nevertheless, the court has cautioned that the doctrine only applies in exceptional circumstances. Renfroe , 809 So.2d at 953.
Contra non valentem applies in four factual situations to prevent the running of prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually *1030 to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. These categories allow "the courts to weigh the 'equitable nature of the circumstances in each individual case' to determine whether prescription will be tolled." Wells , supra at 1150, quoting Plaquemines Parish Commission Council v. Delta Development Company, Inc. , 502 So.2d 1034, 1054-55 (La. 1987).
The fourth category, also known as the discovery rule, "prevents the running of liberative prescription where the cause of action is not known or reasonably knowable by the plaintiff." Cole v. Celotex Corp. , 620 So.2d 1154, 1156 (La. 1993). Under this category of contra non valentem , prescription begins to run when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he is the victim of a tort. Campo v. Correa , 01-2707 (La. 6/21/02), 828 So.2d 502, 510. Constructive knowledge is "whatever notice is enough to excite attention and put the injured party on guard and call for inquiry." Id. at 510-11. "Prescription will not begin to run at the earliest indication that a plaintiff may have suffered some wrong." Cole , 620 So.2d at 1157, citing Jordan v. Employee Transfer Corp. , 509 So.2d 420 (La. 1987).
The Louisiana Supreme Court has observed the difficulty in identifying the precise point in time at which a claimant becomes aware of sufficient facts to begin the running of prescription, and has explained that when prescription begins to run depends on the reasonableness of a plaintiff's action or inaction. Id. "[T]he ultimate issue in determining whether a plaintiff had constructive knowledge sufficient to commence a prescriptive period is the reasonableness of the plaintiff's action or inaction in light of his education, intelligence, and the nature of the defendant's conduct." Marin v. Exxon Mobil Corp. , 09-2368 (La. 10/19/10), 48 So.3d 234, 246. Contra non valentem will not apply to exempt a plaintiff's claim from the running of prescription "if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned." Id.
In a peremptory exception of prescription, the mover bears the burden of proof. However, if the petition is prescribed on its face, the burden shifts to the plaintiff to negate the presumption by establishing prescription has been suspended or interrupted. Taranto v. Louisiana Citizens Property Insurance Corp. , 10-105 (La. 3/15/11), 62 So.3d 721, 726. When evidence is introduced during a hearing on an exception of prescription, the appellate court must review the entire record to determine whether the trial court's factual findings were manifestly erroneous. Carter v. Haygood , 04-646 (La. 1/19/05), 892 So.2d 1261, 1267.
In the present case, it is undisputed that the petitions naming Fleming and Shavers-Whittle as defendants were prescribed on their faces as they were filed over one year after the alleged injury occurred. Ms. Blanchard therefore bore the burden of proving her claims were not prescribed. Further, to note, all other defendants were dismissed previously by summary judgment; thus, as the trial court properly found, prescription was not interrupted by the timely filing of the petition against the originally named defendants.[4]
*1031 On appeal, Ms. Blanchard argues that Jefferson Parish believed it was involved in the subject construction project, as it did not file a motion for summary judgment for nearly two years, thus indicating a complicated situation wherein contra non valentem would apply. Ms. Blanchard claims Jefferson Parish attempted to produce the contract but could not locate it. Jefferson Parish finally did name Fleming as the contractor and produced a contract, but it was not until after the one-year prescriptive period had run. Ms. Blanchard argues Jefferson Parish and the other defendants did acts to prevent her from timely discovering Fleming and Shavers-Whittle. Ms. Blanchard also argues that the trial court erred because in its reasons for judgment, it stated that Ms. Blanchard failed to discover the owner of the property within a year of the accident. Ms. Blanchard argues that Jefferson Parish and the contractors were sued for negligence in maintaining the construction site, failing to provide safe egress and ingress, and for leaving a hazard, which had "nothing to do with ownership."
In Ms. Blanchard's opposition to the exception, she provided no details or evidence in support of her argument that Jefferson Parish could not and would not timely produce the names of the contractors. She failed to include any discovery that was propounded to Jefferson Parish or the other defendants, and she did not document specifically when she requested the information. She also failed to show any discovery responses or communication from Jefferson Parish to evidence the fact that they could and would not produce the contractors' names. Because the transcript of the hearing was not included as part of this designated record, we are unsure of the testimony at the hearing or if any evidence was presented at the hearing.[5]
Accordingly, upon review, we find the trial court did not abuse its discretion in finding that Ms. Blanchard failed to show that she exercised reasonable diligence in naming the proper party defendants. Based on our review of the designated record before us, we find that Ms. Blanchard has failed to meet her burden in showing that the prescriptive period was suspended by the doctrine of contra non valentem.
CONCLUSION
For the foregoing reasons, the judgment granting the peremptory exception of prescription is affirmed.
AFFIRMED

The petition noted that the true identities of the contractor and all three insurance companies would be identified when they would become known.

Though the opposition was included in the record, Exhibit 2 was not.

The assignments of error, which all essentially include arguments about the trial court failing to find the doctrine of contra non valentem applicable herein, are addressed together.

The motions for summary judgment and subsequent findings by the trial court dismissing Gerry's Place, the Drainage District, Jefferson Parish and Mr. Young are not part of this designated record. However, on appeal, it is not contested that said parties were dismissed.

The inadequacy of an appellate record for which an appellant is responsible cannot operate to the detriment of an appellee. When the record does not contain an adequate transcript, narrative of facts or other satisfactory evidence, an appellate court can apply the presumption that the trial court's judgment is correct and affirm. See Alexander v. Par. of St. John the Baptist , 09-840 (La. App. 5 Cir. 3/23/10), 33 So.3d 999, 1005.