ARTHUR JENKINS, JR.

VERSUS

AIU INSURANCE COMPANY PEOPLE
READY TEMP SERVICE

NO. 21-CA-644

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE OFFICE OF WORKERS' COMPENSATION
DISTRICT 7
STATE OF LOUISIANA
NO. 20-5546
HONORABLE SHANNON BRUNO BISHOP, JUDGE PRESIDING

June 22, 2022

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**REVERSED AND REMANDED**
    **JGG**
    **SMC**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ARTHUR JENKINS, JR.
    Ann M. Johnson-Griffin

COUNSEL FOR DEFENDANT/APPELLEE,
PEOPLE READY, INC. AND NATIONAL UNION FIRE INSURANCE
COMPANY
    Jason Edward Wilson
    Joshua E. Sins

**GRAVOIS, J.**

Claimant/appellant, Arthur Jenkins, Jr., appeals a judgment of the workers' compensation court that granted the exception of prescription filed by defendants/appellees, AIU Insurance Company and People Ready Temp Services, dismissing his Disputed Claim for Compensation. Upon *de novo* review, considering the applicable law, we find merit to appellant's first assignment of error. Accordingly, we reverse the judgment that granted appellees' exception of prescription and remand the matter to the trial court for further proceedings.

## PROCEDURAL HISTORY

Claimant fax-filed a Disputed Claim for Compensation with the Office of Workers' Compensation (the "OWC") on September 8, 2020,[1] claiming that he was injured in a work-related incident on September 7, 2019 while working for People Ready Temp Service on a garbage truck. The original of the Disputed Claim for Compensation, including the required fees, which was sent by claimant via certified mail, was received by the OWC on September 16, 2020 at 3:35 p.m., as duly noted in the record.

On February 1, 2021, defendants filed a peremptory exception of prescription, arguing that the suit was prescribed under La. R.S. 23:1209 since receipt of the claim and payment by the OWC on September 16, 2020 was outside of the seven-day follow-up period for filing the original claim form and payment with the OWC, of which the last day was September 15, 2020, and thus the suit was prescribed.

Claimant opposed the exception of prescription, arguing that under La. C.C.P. art. 5059, which provides the rules for time computation, and La. R.S. 1:55, which provides that Saturdays and Sundays are legal holidays, the filing was

---

[1] September 7, 2020, the one-year anniversary of the incident, was a legal holiday, Labor Day.

timely, because Saturday, September 12 and Sunday, September 13 were excluded from the computation, and the seventh day would therefore have been September 17, 2020. Accordingly, the receipt by the OWC of the original claim form and payment on September 16, 2020 was timely. Claimant also argued that his timely filing of a third-party tort suit in the 24th Judicial District Court on September 7, 2020, arising out of the same incident, interrupted prescription on his workers' compensation claim. Claimant attached a copy of the petition in his tort suit to his opposition to the exception of prescription.

The matter came up for a hearing on March 26, 2021, at which counsel for both parties were present and argued. The attachments to defendants' exception of prescription were admitted into evidence. Claimant did not move to admit the attachment to his opposition or any other evidence. The workers' compensation court recessed the hearing that day in order for defense counsel to provide the court with a brief on one of the issues raised at the hearing, namely whether a timely-filed tort suit would interrupt prescription on the workers' compensation claim. The hearing was continued to May 21, 2021. Defendants filed a brief on May 19, 2021.

At the May 21, 2021 hearing, claimant's counsel was not present. At that hearing, the trial court ruled from the bench, holding that claimant's suit was prescribed according to La. R.S. 13:850, which provides that "within seven days" after the Court receives a fax filing, all of the original documents and payment shall be delivered to the Clerk of Court. The court noted that the fax filing date was September 8, 2020, which meant, according to the trial court's interpretation of La. R.S. 13:850, the original documents and fees payment must have been received by the court by September 15, 2020, the seventh day, which included counting Saturday, September 12 and Sunday, September 13 in the seven-day computation. Because the documents and fees were not received by the OWC

until September 16, 2020, the trial court found the suit prescribed. A written judgment was entered on June 2, 2021, finding the matter prescribed and dismissing it with prejudice. Notice of signing of the judgment was mailed on June 21, 2021. Claimant timely filed a notice of appeal which was granted on July 26, 2021.

On appeal, claimant argues that the trial court erred in applying La. R.S. 13:850 and computing the time within which the original documents and payment were required to be received by the OWC. Alternatively, claimant argues that his timely-filed tort suit interrupted prescription on his workers' compensation claim.

## STANDARD OF REVIEW

In a peremptory exception of prescription, the mover bears the burden of proof. *Blanchard v. Gerry's Place, Inc.*, 18-106 (La. App. 5 Cir. 10/17/18), 258 So.3d 1024, 1029.

The standard of review of a trial court's ruling on a peremptory exception of prescription generally turns on whether evidence is introduced. *Law Enf't Dist. of Jefferson Par. v. Mapp Constr., LLC*, 19-543 (La. App. 5 Cir. 5/29/20), 296 So.3d 1260, 1263, citing *DeFelice v. Federated National Insurance Company*, 18-374 (La. App. 5 Cir. 7/9/19), 279 So.3d 422, 426 (citing *Wells Fargo Financial Louisiana, Inc. v. Galloway*, 17-413 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800). When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting the facts alleged in the petition as true. *Id*. (citing *Wells Fargo*, 231 So.3d at 800). Normally, when evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. *Id*. (citing *Wells Fargo*, 231 So.3d at 800; *Tenorio v. Exxon Mobil Corp.*, 14-814 (La. App. 5 Cir. 4/15/15), 170 So.3d 269, 273, *writ denied*, 15-1145 (La. 9/18/15), 178 So.3d 149). However, when evidence is introduced but the case involves only the

determination of a legal issue, not a dispute regarding material facts, an appellate court must review the issue *de novo*, giving no deference to the trial court's legal determination. *Id.* (citing *Wells Fargo*, 231 So.3d at 800; *Cawley v. National Fire & Marine Ins. Co.*, 10-2095 (La. App. 1 Cir. 5/6/11), 65 So.3d 235, 237).

## FIRST ASSIGNMENT OF ERROR

Appellant first argues that the trial court erred in counting the legal holidays Saturday, September 12 and Sunday, September 13, when computing the seven-day filing period found in La. R.S. 13:850, which provides for filing by facsimile and states, in pertinent part:

> A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

> B. *Within seven days, <u>exclusive of legal holidays</u>, after the clerk of court receives the facsimile filing, all of the following shall be <u>delivered to</u> the clerk of court*:

> (1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

> (2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

> (3) A transmission fee of five dollars.

> C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

> * * *

(Emphasis added.)

Louisiana Code of Civil Procedure art. 5059 provides, in pertinent part:

A. In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.

B. *A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when*:

(1) *It is expressly excluded*;

(2) It would otherwise be the last day of the period; or

(3) The period is less than seven days.

\* \* \*

(Emphasis added.)

Louisiana Revised Statutes 1:55 expressly declares that Sundays are legal holidays, and Saturdays are half-holidays unless they have been declared full holidays by individual parishes. Further, as shown above, La. C.C.P. art. 5059 declares that half-holidays are considered as legal holidays, and legal holidays are to be included in the computation of time periods allowed or prescribed by law, unless they are expressly excluded.

Resolution of the first assignment of error did not require the introduction of evidence, as the matter is a legal issue of statutory interpretation, and the fax-filing date of September 8, 2020 and the September 16, 2020 date the original documents and payment were received by the OWC are matters known to the OWC court in its own suit records.[2] Therefore, we review the matter *de novo*. For the following reasons, we conclude that the trial court erred in its interpretation and application of La. R.S. 13:850 and La. C.C.P. art. 5059.

---

[2] A court may take judicial notice of its own proceedings. *KJ Monte Invs., LLC v. Acadian Properties Austin, LLC*, 20-0204 (La. App. 1 Cir. 12/30/20), 319 So.3d 354.

21-CA-644                                    5

Louisiana Revised Statutes 13:850 allows for fax-filing of petitions, and expressly states that the facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section. Subsection B requires that the filing party *must deliver* to the court the original document as well as the various filing fees, within seven days, *exclusive of legal holidays*, after the clerk of court receives the facsimile filing. Further, as noted above, La. R.S. 1:55 expressly declares that Sundays are legal holidays, and Saturdays are half-holidays unless they have been declared full holidays by individual parishes. As also shown above, La. C.C.P. art. 5059 declares that half-holidays are considered as legal holidays, and legal holidays are to be included in the computation of time periods allowed or prescribed by law, unless, as here, they are expressly excluded.

Upon *de novo* review, considering the applicable law, we find that the trial judge misinterpreted and therefore misapplied La. R.S. 13:850 by including, rather than excluding, the legal holidays of September 12 and 13 (a Saturday and a Sunday) in its computation. When these two days are properly excluded from the computation, as per La. R.S. 13:850, La. C.C.P. art. 5059, and La. R.S. 1:55, we see that the receipt of the documents by the OWC on September 16, 2020 was timely, as the seventh day of the computation was September 17, 2020. Thus, claimant's Disputed Claim for Compensation is not prescribed.

In support of its argument, appellees also cite to *State ex rel. State Pharm. Ass'n v. Michel*, 52 La. Ann. 936, 27 So. 565 (1900), which we find to be distinguishable on the facts and the law. That case, from over 100 years ago, concerned the computation of a five-day time period within which the governor must return a bill to the legislature. Therein, the Supreme Court noted that "[t]here is a rule of general, though perhaps not of universal, acceptance, that, where a limitation of time is fixed within which a particular act or thing is required to be

done, if done at all, after which performance or the doing of the thing would be without effect, if the time limited exceed a week, an intervening Sunday is to be included in the computation; if less than a week, Sunday is to be excluded." *Id.* at 568. This general, but not universal rule of acceptance, and cases citing it, have long been superseded by the enactment of La. R.S. 1:55.

Appellees also seek support for its argument that the claim is prescribed by citing the rule found in 40 La. Admin. Code Pt. I, §5701, which states in paragraph (C)(1):

> *Within seven days, exclusive of legal holidays,* after the district office or the records management division has received a facsimile transmission, the party filing the document *shall forward* the following to the district office or records manager: a. the original signed document; b. the applicable filing fee, if any; and c. a transmission fee of $5 in addition to $5 for the first 5 pages and $2.50 for each page thereafter.

(Emphasis added.)

We first note that the OWC court does not appear to have relied upon this administrative rule in reaching its ruling, though appellees cited it in their exception and argue it in their appellee brief. Also, the rule's language contains an important difference from the language of La. R.S. 13:850. The statute requires that the original document and fees be *delivered to* the clerk of court within seven days, exclusive of legal holidays. The rule, however, requires that the filing party *forward to* the clerk of court the originals within seven days, exclusive of legal holidays. This is a crucial difference that does not aid appellees' argument.

Prior to its 2016 revision, La. R.S. 13:850 also required that the original pleading be *forwarded to* the clerk, rather than *delivered to* the clerk. In *Hunter v. Morton's Seafood Rest. & Catering*, 08-1667 (La. 3/17/09), 6 So.3d 152, 156 (superseded by 2016 revision of La. R.S. 13:850), the Louisiana Supreme Court interpreted the pre-revision "shall forward" language of the statute, holding "that to forward a document as required in La. R.S. 13:850(B), a litigant must only *send*

the document; the *sending* of the document towards the place of destination is all that is required, pursuant to the clear and unambiguous language of La. R.S. 13:850(B)." (Emphasis added.) In other words, the date the document was sent is what counted.

This Court examined the proper interpretation of the post-revision version of La. R.S. 13:850(B) containing the new terms "shall be delivered" in *Clark v. Wal-Mart Stores, Inc.*, 18-52 (La. App. 5 Cir. 10/31/18), 259 So.3d 516. Therein, this Court found that the statute as amended to require delivery required receipt of the documents, and the plaintiff's petition was "delivered" when it was signed for by the court worker at the P.O. Box facility and in the Clerk's possession on the last day of the prescriptive period. *See also Petit-Blanc v. Charles*, 21-0094 (La. 4/20/21), 313 So.3d 1245, 1247.

Thus, citing to the administrative rule, as appellees do in brief, does not strengthen their argument that the matter was prescribed, as the original was received by the OWC on September 16, 2020, having been previously *forwarded to* the OWC by certified mail, as evidenced by the appellate record. It is clear that the act of forwarding took place prior to September 16, at the very least by September 15, 2020, the day before it was received at OWC, which would make this filing timely, even if legal holidays were incorrectly included as appellees do in their computation.

In any event, appellees' argument that the Administrative Code might apply over the Louisiana Revised Statutes must fail, as the Louisiana Supreme Court has held that the Louisiana Administrative Code does not take precedence over the Louisiana Revised Statutes. *Jurisich v. Jenkins*, 99-0076 (La. 10/19/99), 749 So.2d 597, 602.

In conclusion, we find that appellant's first assignment of error, that the trial court erred in its computation of time, has merit. Accordingly, we reverse the judgment granting the exception of prescription.

## SECOND ASSIGNMENT OF ERROR

Alternatively, appellant argues that his workers' compensation suit is not prescribed because he timely filed a civil suit against a third party for the same injuries, in district court. The OWC court did not reach this issue in its judgment, instead finding the matter prescribed upon its application of La. R.S. 13:850, which was erroneous as previously discussed in the first assignment of error. Having found merit to appellant's first assignment of error, analysis and discussion of this assignment of error is pretermitted.

## DECREE

For the foregoing reasons, the judgment on appeal, which granted appellees' exception of prescription, is reversed. The matter is remanded to the OWC court for further proceedings.

**REVERSED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JUNE 22, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

**21-CA-644**

**E-NOTIFIED**
OFFICE OF WORKERS' COMPENSATION, DISTRICT 7 (CLERK)
HON. SHANNON BRUNO BISHOP (DISTRICT JUDGE)
ANN M. JOHNSON-GRIFFIN (APPELLANT)    JASON EDWARD WILSON (APPELLEE)    JOSHUA E. SINS (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED